IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO. 23-cr-257 (TSC)** |
| | * | |
| **DONALD J. TRUMP,** | * | |
| | * | |
| Defendant. | * | |
| | * | |

**PROTECTIVE ORDER GOVERNING DISCOVERY AND AUTHORIZING
<u>DISCLOSURE OF GRAND JURY TESTIMONY</u>**

The United States has moved for entry of a Protective Order that would govern discovery in this matter. To expedite the flow of discovery material between the parties and to adequately protect certain information that the United States intends to produce to the defendant, the Government's motion is **GRANTED** and, pursuant to the Court's authority under Federal Rule of Criminal Procedure 16(d)(1), it is hereby **ORDERED**:

**No Limit on Already Possessed or Public Documents**

1. This Order does not apply to records that are publicly available independent of the Government's productions, nor does it apply to records which the defendant or defense counsel came into possession by independent means, unrelated to the discovery process.

**All Materials**

2. All materials provided by the United States in preparation for, or in connection with, any stage of this case ("the Materials") are subject to this protective order ("Order") and may be used by the defendant and defense counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

1

3. The defendant and defense counsel shall not disclose the Materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "Authorized Persons"). Potential witnesses and their counsel may be shown copies of the Materials as necessary to prepare the defense, but they may not retain copies without prior permission of the Court.

4. The defendant, defense counsel, and Authorized Persons shall not copy or reproduce the Materials except to provide copies of the Materials for use in connection with this case by the defendant, defense counsel, and Authorized Persons. Such copies and reproductions shall be treated in the same manner as the original. The defendant, defense counsel, and Authorized Persons shall not disclose any notes or records of any kind that they make in relation to the contents of the Materials, other than to Authorized Persons, and all such notes or records are to be treated in the same manner as the original.

5. Before providing any of the Materials to an Authorized Person(s), defense counsel must provide the Authorized Person(s) with a copy of this Order and the Authorized Person(s) must agree to abide by this order.

6. Upon conclusion of all stages of this case, all the Materials and all copies made thereof shall be destroyed or returned to the United States, unless otherwise ordered by the Court. The Court may require a certification as to the disposition of the Materials.

7. The restrictions set forth in this Order do not apply to documents that are or become part of the public record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of the Materials in judicial proceedings in this case, except as described below.

**Sensitive Materials**

8. The United States may produce sensitive materials to defense counsel, including the below materials ("Sensitive Materials"):

    a. Materials containing personally identifying information as identified in Federal Rule of Criminal Procedure 49.1;

    b. Rule 6 materials, including grand jury subpoena returns, witness testimony, and related exhibits presented to the grand jury;

    c. Materials obtained through sealed search warrants and 2703(d) orders;

    d. Sealed orders obtained by the Government's filter team related to this case;

    e. Recordings, transcripts, interview reports, and related exhibits of witness interviews; and

    f. Materials obtained from other governmental entities.

The Government shall indicate to defense counsel, in discovery correspondence or otherwise, which materials constitute Sensitive Materials prior to or concurrent with disclosure.

9. Except as provided in this Order, without prior notice to the United States and authorization from the Court, no Sensitive Materials, or information contained therein, may be disclosed to any person other than the defendant, defense counsel, persons employed to assist the defense, or the person to whom the sensitive information solely and directly pertains.

10. Sensitive Materials must be maintained in the custody and control of defense counsel. Defense counsel may show Sensitive Materials to the defendant as necessary to assist in preparation of the defense, but defense counsel may not provide a copy of Sensitive Materials to the defendant. Moreover, if defense counsel does show Sensitive Materials to the defendant, defense counsel may not allow the defendant to write down any personally identifying information as identified in Federal Rule of Criminal Procedure 49.1 that is contained in the Sensitive Materials. If the defendant takes notes regarding Sensitive Materials, defense counsel must inspect

those notes to ensure that the defendant has not copied down personally identifying information as identified in Federal Rule of Criminal Procedure 49.1.

11. The parties may include designated Sensitive Materials in any public filing or use designated Sensitive Materials during any hearing or the trial of this matter without leave of Court if all sensitive information is redacted. No party shall disclose unredacted Sensitive Materials in open court or public filings without prior authorization by the Court (except if the defendant chooses to include in a public document Sensitive Materials relating solely and directly to the defendant's personally identifying information). If a party includes unredacted Sensitive Materials in any filing with the Court, they shall be submitted under seal.

12. Any filing under seal must be accompanied by a motion for leave to file under seal as required by Local Rule of Criminal Procedure 49(f)(6)(i).

## Scope of this Order

13. **Modification Permitted.** Nothing in this Order shall prevent any party from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

14. **No Waiver.** The failure by the United States to designate any of the Materials as "Sensitive" upon disclosure shall not constitute a waiver of the United States' ability to later designate the Materials as Sensitive.

15. **No Ruling on Discoverability or Admissibility.** This Order does not constitute a ruling on the question whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

16. **Challenges to Specific Documents.** The defendant may raise particularized concerns about specific documents by motion to this Court.

_____
HONORABLE TANYA S. CHUTKAN
UNITED STATES DISTRICT JUDGE
