IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : No. 23-cr-257-TSC |
| v. | : |
| | : |
| DONALD J. TRUMP, | : |
| Defendant. | : |

**RESPONSE IN OPPOSITION TO**
**GOVERNMENT'S PROPOSED TRIAL CALENDAR**

# Ex. G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**DONALD J. TRUMP** and
**WALTINE NAUTA**,

    Defendants.
_____/

**ORDER GRANTING IN PART GOVERNMENT'S MOTION
TO CONTINUE TRIAL AND RESETTING DEADLINES**

**THIS MATTER** comes before the Court upon the Government's Motion to Continue Trial and Request for Revised Scheduling Order [ECF No. 34]. The Court has reviewed the Motion, Defendants' Response in Opposition [ECF No. 66], the Government's Reply to Defendants' Response [ECF No. 76], and the full record. The Court also held a Pretrial Conference Pursuant to Section 2 of the Classified Information Procedures Act (CIPA), Pub. L. 96–456, 94 Stat. 2025, 18 U.S.C. App. III §§ 1–16 (1980), on July 18, 2023 [ECF No. 82].

Following review, it is **ORDERED AND ADJUDGED** as follows. The Government's Motion to Continue Trial and Revised Proposed Schedule [ECF No. 34] is **GRANTED IN PART** for the reasons stated below. The Court finds that the interests of justice served by this continuance outweigh the best interest of the public and Defendants in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court has considered the factors in 18 U.S.C. § 3161(h)(7)(B) in reaching this determination. Having done so, the Court finds that the period of delay resulting from this

continuance—i.e., from the date the Motion was filed, June 23, 2023, to the date trial commences—is excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161.

## DISCUSSION

This case is currently set for trial commencing on August 14, 2023, with a deadline to file pretrial motions on or before July 24, 2023 [ECF Nos. 28, 55]. All parties agree that a continuance of the current trial date is warranted. The Court concurs; proceeding to trial on August 14, 2023, "would deny counsel for the defendant[s] or the attorney[s] for the Government the reasonable time necessary for effective preparation" [ECF No. 34 (quoting 18 U.S.C. § 3161(h)(7)(B)(iv))].

The parties disagree as to the length of the continuance and to the appropriateness of setting a schedule at this time. As a preliminary matter, the Court rejects Defendants' request to withhold setting of a schedule now; the Court deems it necessary to manage this proceeding through important stages of discovery, CIPA briefing, motion practice, and trial, and does not see a sufficient basis on this record to postpone entry of a scheduling order. Nevertheless, the Government's proposed schedule is atypically accelerated and inconsistent with ensuring a fair trial. As it stands, the Government's timeline spans less than six months from the first discovery production (June 21, 2023) to trial in a CIPA case involving, at the very least, more than 1.1 million pages of non-classified discovery produced thus far (some unknown quantity of which is described by the Government as "non-content"), at least nine months of camera footage (with disputes about pertinent footage), at least 1,545 pages of classified discovery ready to be produced (with more to follow), plus additional content from electronic devices and other sources yet to be turned over. By conservative estimates, the amount of discovery in this case is voluminous and likely to increase in the normal course as trial approaches. And, while the Government has taken steps to organize and filter the extensive discovery, no one disagrees that Defendants need adequate time

2

to review and evaluate it on their own accord. To add further complication, a material portion of the discovery in this case is subject to the procedures in CIPA—procedures that all agree often lengthen the ordinary trajectory from indictment to trial [*see* ECF No. 34-1 p. 3]. That is no less the case here, where the matter involves a substantial quantity of classified discovery that has yet to be produced pending Court resolution of a forthcoming (and so far contested) protective order under Section 3 of CIPA, security-clearance briefings, processing of final security clearances for certain portions of the classified discovery, and additional logistics for the review of such materials, including expedited preparations for an accredited facility in the Northern Division of this District. Then there is the matter of extensive pre-trial motion practice as described by Defendants in the Response and at the Section 2 Hearing, the bare minimum of which will require considerable time for Court review, independent of the ultimate merits of any such motions.

Defendants, for their part, characterize the Government's approach to this case as unusually expedited and cursory, request additional time to conduct an initial review of the voluminous discovery (including yet-to-be produced discovery), and describe the case as falling squarely within the "unusual or complex" designation in 18 U.S.C. § 3161(h)(7)(B)(ii) [ECF No. 66].[1] Defendants maintain that this proceeding raises various "novel, complex, and unique legal issues," citing the interplay between the Presidential Records Act and the various criminal statutes at issue; constitutional and statutory challenges to the authority of the Special Counsel to maintain this action; disputes about the classification status of subject documents; challenges to the grand jury process that led to the indictment (including questions of attorney-client privilege); requests for

---

[1] 18 U.S.C.A. § 3161(h)(7)(B)(ii) (directing a court to consider, in determining whether to grant a continuance, "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section").

defense discovery; and other pre-trial motions, including possible motions to suppress and a motion to sever [ECF No. 66; *see* ECF No. 82]. As a final category, Defendants identify various additional factors the Court deems unnecessary to resolution of the Government's motion at this juncture, most principally the likelihood of insurmountable prejudice in jury selection stemming from publicity about the 2024 Presidential Election [ECF No. 66 p. 9].

Upon review of the parties' competing arguments, it is clear to the Court that a continuance is warranted and in accordance with the requirements of the Speedy Trial Act. First, as the record reveals, discovery in this case is exceedingly voluminous and will require substantial time to review and digest in accordance with Defendants' right to a fair trial. Second, this is a CIPA case, which although on its own may not be a fact warranting designation of this case as complex under the Speedy Trial Act, *see* 18 U.S.C. § 3161(h)(7)(B)(ii), strongly counsels in that direction here given the substantial quantities of classified discovery, anticipated CIPA briefing [*see* ECF No. 34-2], and the need for Defendants and the Court to adequately review the classified discovery under appropriate safeguards and following resolution of pending logistics. Third, even accepting the Government's contested submission that nothing in this case presents a "novel question[] of fact or law" [ECF No. 34 p. 2], the fact remains that the Court will be faced with extensive pre-trial motion practice on a diverse number of legal and factual issues, all in connection with a 38-count indictment. These factors are sufficient to designate this case complex under 18 U.S.C. § 3161(h)(7)(B)(ii), and the Court is unaware of any searchable case in which a court has refused a complex designation under comparable circumstances.

For all of these reasons, taking due account of the public's interest in a speedy trial and the rights of the parties, the Court hereby sets the following pre-trial and trial schedule.

## SCHEDULE

Calendar call in this matter will be held on **Tuesday, May 14, 2024, at 1:45 p.m**. in the Fort Pierce Division. The case is set for Jury Trial in the Fort Pierce Division during the two-week trial period commencing on **May 20, 2024**. The parties shall adhere to the following pre-trial and trial deadlines and are reminded to comply with the Local Rules in all respects and the instructions in the Court's Orders Setting Trial [ECF Nos. 28, 55] except as superseded by this Order:[2]

| | |
|---|---|
| **Defense Review of Unclassified Discovery** | Ongoing |
| **Renewed Section 3 Motion for Protective Order** | July 27, 2023 |
| **Any Opposition to Renewed Section 3 Motion** | August 9, 2023 |
| **Government's Reply to Renewed Section 3 Motion** | August 14, 2023 |
| **Hearing on Section 3 Motion (if necessary)** | August 25, 2023 |
| **Initial Production of Classified Discovery**[3] | September 7, 2023 |
| **Joint Discovery Status Report** | September 14, 2023 |
| **Government's CIPA Section 10 Notice** | September 14, 2023 |
| **Government's CIPA Section 4 Motion (Ex Parte)** | October 10, 2023 |
| **Any Defense Challenge to Section 4 (Ex Parte) Filing** | October 10, 2023 |

---

[2] All hearings will begin at 9:30 a.m. except as modified by separate Order. As circumstances demand, hearings may be held in camera for classified information purposes.

[3] This review will take place at a temporary location until sufficient security measures have been implemented on an expedited basis for placement at a final location.

5

| | |
|---|---|
| **Hearing on Section 4 Motion (if necessary)** | October 17, 2023 |
| **Deadline for the Filing of Any Defense Motion to Compel Discovery or Any Discovery-Related Request** | October 20, 2023 |
| **Deadline for the Filing of Any Pretrial Motions** | November 3, 2023 |
| **Government's Rule 16 Expert Disclosures** | November 8, 2023 |
| **Defense Rule 16 Expert Disclosures** | November 15, 2023 |
| **Any Defense CIPA Section 5 Notice** | November 17, 2023 |
| **Government Discovery Status Report** | November 21, 2023 |
| **Status Conference** | November 28, 2023 |
| **Hearing on Pretrial Motions (Evidentiary and/or Non-Evidentiary)** | December 11, 2023 |
| **Government's CIPA Section 6(a) Motion** | December 15, 2023 |
| **Defense Response to CIPA Section 6(a) Motion** | January 4, 2024 |
| **Government's Supplemental Rule 16 Expert Disclosures** | January 4, 2024 |
| **Government's Reply to CIPA Section 6(a) Motion** | January 8, 2024 |
| **CIPA Section 6(a) Hearing** | January 16, 2024 |
| **Defense Reciprocal Discovery Under Fed. R. Crim P. 16(b)(1)(A)** | February 5, 2024 |
| **Joint Discovery Status Report** | February 12, 2024 |
| **Hearing on Any Remaining Pretrial Motions (Evidentiary and/or Non-Evidentiary)** | February 26, 2024 |

CASE NO. 23-80101-CR-CANNON

| | |
|---|---|
| **Deadline for the Filing of Any Motions in Limine** | March 20, 2024 |
| **Deadline for the Filing of Any Motion to Introduce Evidence Under Fed. R. Evid. 404(b)** | March 20, 2024 |
| **Government's CIPA Section 6(c) Motion (if necessary)** | April 11, 2024 |
| **Hearing on Motions in Limine** | April 17, 2024 |
| **Defense Response to CIPA Section 6(c) Motion** | April 25, 2024 |
| **Government's Reply to CIPA Section 6(c) Motion** | May 2, 2024 |
| **Hearing on Remaining CIPA Issues/Calendar Call** | May 14, 2024 |
| **Jury Trial**[4] | May 20, 2024 |

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 21st day of July 2023.

AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc: counsel of record

---

[4] Jury selection procedures will be the subject of additional briefing/argument, to be set by separate Order.

7