**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA

v.  Case No. 1:23-cr-257-TSC

DONALD J. TRUMP,

    Defendant.
_____/

**DEFENDANT DONALD J. TRUMP'S MOTION FOR RECUSAL OF**
**DISTRICT JUDGE PURSUANT TO 28 U.S.C. § 455(a)**

# Ex. B

```
                     UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF COLUMBIA


    UNITED STATES OF AMERICA,       .
                                    .
              Plaintiff,            .  CR No. 21-0328 (TSC)
                                    .
        v.                          .
                                    .
    ROBERT SCOTT PALMER,            .  Washington, D.C.
                                    .  Friday, December 17, 2021
              Defendant.            .  12:36 p.m.
    . . . . . . . . . . . . . . . .


                   TRANSCRIPT OF SENTENCING HEARING
               BEFORE THE HONORABLE TANYA S. CHUTKAN
                    UNITED STATES DISTRICT JUDGE



      APPEARANCES:

    For the Government:            ROBERT C. JUMAN, AUSA
                                   U.S. Attorney's Office
                                   500 E. Broward Blvd.
                                   Ft. Lauderdale, FL 33132
                                   (786) 514-9990

    For the Defendant:             BJORN E. BRUNVAND, ESQ.
                                   Bjorn Brunvand, P.A.
                                   615 Turner Street
                                   Clearwater, FL 33756
                                   (727) 446-7505

    Court Reporter:                BRYAN A. WAYNE, RPR, CRR
                                   U.S. Courthouse, Room 4704-A
                                   333 Constitution Avenue NW
                                   Washington, DC 20001
                                   (202) 354-3186




    Proceedings reported by stenotype shorthand.
    Transcript produced by computer-aided transcription.
```

# Excerpted Pages

1  extinguisher, a piece of wood, and a pole -- should not
2  qualify as weapons as they are not equivalent to knives or
3  firearms.  And with regard to the need to avoid sentencing
4  disparities, Mr. Palmer notes that any sentence within the
5  guidelines range would be higher than any other defendants
6  as yet sentenced in connection with the Capitol riots.
7      Mr. Brunvand, have I adequately summarized your position
8  in your motion for downward departure?
9          MR. BRUNVAND:  You have, Your Honor.
10         THE COURT:  I've reviewed the government's opposition.
11     Now I'm going to deny the motion for a downward departure.
12 I find that despite the factors outlined in Mr. Palmer's
13 motion, the two-level reduction and a downward variance is
14 given -- the two-level reduction is given for acceptance
15 of responsibility.  I've already said why I am not giving
16 the two-level reduction, and I find that the factors in
17 Mr. Palmer's motion for a variance do not warrant a variance
18 in this case.
19     Mr. Palmer, it is true, has -- and I'll go into this
20 further when I consider the 3553(a) factors -- has endured
21 a difficult childhood, but he overcame those difficulties,
22 and it is to his credit.  His early criminal history
23 notwithstanding, he built a business.  He has, by all
24 accounts, been a good father, a good friend, a good neighbor.
25         Therefore, the difficulties that he experienced in his

1   upbringing weren't the cause of why he went to the Capitol.
2   They may have been the cause of why he got those convictions
3   as a younger person, but he seems to have overcome all of
4   those problems, or at least to have dealt with them, and was
5   living an otherwise productive life.
6       He went to the Capitol because, despite election results
7   which were clear-cut, despite the fact that multiple court
8   challenges all over the country had rejected every single one
9   of the challenges to the election, Mr. Palmer didn't like the
10  result.  He didn't like the result, and he didn't want the
11  transition of power to take place because his guy lost.
12      And it is true, Mr. Palmer -- you have made a very good
13  point, one that has been made before -- that the people who
14  exhorted you and encouraged you and rallied you to go and
15  take action and to fight have not been charged.
16      That is not this court's position.  I don't charge
17  anybody.  I don't negotiate plea offers.  I don't make
18  charging decisions.  I sentence people who have pleaded
19  guilty or have been convicted.
20      The issue of who has or has not been charged is not before
21  me.  I don't have any influence on that.  I have my opinions,
22  but they are not relevant.  And you're correct in that no one
23  who was encouraging everybody to take the Capitol has been
24  charged as of yet, but I don't think that fact means that you
25  should get a lower sentence.

      The fact is that there are lots of people who agreed with
you, who didn't like the results of the election, who perhaps
thought the election was stolen in some way.  They stayed
home.  You decided, of your own free will, to leave Florida
and come to Washington and go to the rally.

      That's your right.  You're not being sentenced for your
political views.  When you left that rally and went to the
Capitol and saw what was going on and engaged in combat with
those law enforcement officers, that's what you're being
punished for.  So you have a point, that the people who may
be the people who planned this and funded it and encouraged
it haven't been charged, but that's not a reason for you to
get a lower sentence.

      With regard to your argument that there's a need to
avoid sentencing disparity, I will address that issue when
I go through the 3553(a) factors in detail.  Which is now.

      Section 3553(a) requires me to consider a variety of
factors including the sentencing range that the guidelines
prescribe, which I've just discussed, and the applicable penal
statutes.  The charge of Assaulting, Resisting, or Impeding
Certain Officers Using a Dangerous Weapon, in violation of 18
U.S.C. §§ 111(a)(1) and (b), is a Class C felony that carries
a maximum term of 20 years of imprisonment.

      The statute provides that Mr. Palmer is eligible for
one to five years of probation.  Under the guidelines,

# Excerpted Pages

\* \* \* \* \* \*

CERTIFICATE

I, BRYAN A. WAYNE, Official Court Reporter, certify that the foregoing pages are a correct transcript from the record of proceedings in the above-entitled matter.

*/s/ Bryan A. Wayne*
Bryan A. Wayne