IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | |
| | * | CRIMINAL NO. 23-cr-257 (TSC) |
| DONALD J. TRUMP, | * | |
| | * | |
| Defendant. | * | |
| | * | |

**PRESIDENT DONALD J. TRUMP'S MOTION FOR ACCESS TO CIPA § 4 FILING AND AN ADJOURNMENT OF THE CIPA § 5 DEADLINE**

President Donald J. Trump respectfully submits this motion in response to the September 25, 2023 "Notice of Filing" by the Special Counsel's Office relating to a motion for a protective order pursuant to § 4 of the Classified Information Procedures Act ("CIPA") and Rule 16(d)(1). (Dkt. No. 59). As discussed in more detail below, President Trump is seeking a fair opportunity for reasonable adversary proceedings and public access relating to the Office's CIPA § 4 motion, and additional time to provide notice pursuant to CIPA § 5 so that his full defense team can participate in that filing based on review of all of the materials to which President Trump is entitled.

**BACKGROUND**

CIPA § 4 authorizes the Court to issue a protective order permitting prosecutors to "delete," "substitute," or summarize otherwise-discoverable classified materials. As of today, the Special Counsel's Office has not disclosed to President Trump or defense counsel the type(s) of relief it is seeking under CIPA § 4 or the types of documents or information at issue in the motion.

The CIPA § 4 motion requires the Court to consider, *inter alia*, whether the materials are "relevant" and "helpful" to President Trump. *E.g.*, *United States v. Yunis*, 867 F.2d 617, 623-24 (D.C. Cir. 1989). The applicable standard therefore requires consideration of President Trump's defense theories. President Trump cannot fully develop those defenses, and the Court certainly

cannot anticipate them in connection with an *ex parte* CIPA § 4 motion, until after he has had an opportunity to review the discovery and seek further disclosures.

For the first time yesterday, cleared counsel for President Trump was permitted to review classified discovery provided by the Special Counsel's Office in this case.[1]  Our review was brief and preliminary.  But it is clear that President Trump is entitled to additional materials possessed by the U.S. intelligence community and other Executive Branch actors, which we will request from the Office and, if necessary, pursue via motions to compel and other procedures.  However, the Court Information Security Officer ("CISO") has informed us that restrictions on one of the central documents in the Office's classified production currently preclude us from writing to the Court or the Office about the document's substance in connection with these anticipated applications.  We do not know when those limitations will be addressed.

It also appears that classified Jencks Act and *Giglio* materials exist for several witnesses, including but not limited to classified emails that witnesses exchanged around the time of the events in question.  The Special Counsel's Office did not include those classified materials in its first production of classified discovery.  Classified witness-related materials will likely require litigation under CIPA §§ 5-6 and potentially § 4.

## DISCUSSION

### I. President Trump Objects To *Ex Parte* Proceedings Under CIPA §4

While CIPA § 4 confers discretion upon the Court to authorize some aspects of the motion to be filed *ex parte*, President Trump objects to the *ex parte* proceedings initiated by the Special Counsel's Office under the unique circumstances of this case.  It is not a foregone conclusion that

---

[1] Two members of President Trump's defense team in this case have not obtained necessary clearances.

2

*ex parte* proceedings are appropriate. *See United States v. Stillwell*, 986 F.3d 196, 201 (2d Cir. 2021) ("It was only after Defendants were able to review the previously undisclosed material [covered by a CIPA § 4 protective order] that they were in a position to even determine whether to pursue such a claim."). We respectfully request permission to submit a brief elaborating on this and any other procedural objections to the Office's CIPA § 4 filing by October 11, 2023. The Special Counsel's Office advises that it objects to our request to submit a brief on this subject, but takes no position as to our requested deadline.

## II.   President Trump Objects To Unjustified And Unnecessary Sealing

To facilitate an appropriate adversarial process and respect the public's right of access to these proceedings, the Court should order the Special Counsel's Office to file publicly (1) a redacted version of its CIPA § 4 submission, and (2) a memorandum of law with argument and authorities regarding the bases for the redactions so that President Trump can address those contentions in his October 11, 2023 submission. The Special Counsel's Office objects to this request.

Although we recognize that some aspects of the CIPA § 4 motion likely contain classified information, there is no apparent basis for the decision of the Special Counsel's Office to file its entire submission *ex parte* and under seal. "[I]n those rare situations where the government is compelled to make an *ex parte* Section 4 filing containing arguments in support of immateriality, the government should fully explain why the *ex parte* filing is necessary and appropriate." *United States v. Libby*, 429 F. Supp. 2d 46, 48 (D.D.C. 2006); *see also Al-Hela v. Biden*, 66 F.4th 217, 239 (D.C. Cir. 2023) ("[P]rocedures whereby neither the person affected by the government's proposed action, nor his counsel, are permitted to view all the government's evidence during the merits determination are rare, and any such procedures raise more serious due process concerns regarding

3

notice and opportunity to rebut."); *In re Leopold*, 2020 WL 7481037, at *5 (D.D.C. 2020) (explaining that "for investigative applications resting on classified information" only "a separate attachment that may be handled appropriately to its classification" is filed under seal); *Kaley v. United States*, 571 U.S. 320, 355 (2014) (Roberts, C.J., dissenting) ("Common sense tells us that secret decisions based on only one side of the story will prove inaccurate more often than those made after hearing from both sides.").

In an OFAC-delisting action, the Court observed that requiring the claimant to proceed "without potentially material information . . . would be unfair." *Gallon v. Mnuchin*, 2019 WL 11385076, at *2 (D.D.C. 2019) (Chutkan, J.). So too here. And in *Libby*, Judge Walton explained that he was "disquieted by the prospect of having to make such a determination [under CIPA § 4] through *ex parte* proceedings, and trust[ed] that because defense counsel in this case have security clearances the need for such proceedings will be rare . . . ." *Libby*, 429 F. Supp. 2d at 48. The court subsequently ordered that redacted versions of sealed, *ex parte* CIPA submissions be filed on the docket because unclassified aspects of those materials "can be made available to the public." *See* Dkt. No. 189, *United States v. Libby*, No. 05 Cr. 394 (D.D.C. Nov. 15, 2006); *see also id.* Dkt. No. 38 (directing filing of redacted version of *ex parte* affidavit).

In other cases, rather than reflexively and without explanation filing entire briefs *ex parte* because they contain some classified information, the government has filed redacted submissions or submitted the classified information in separate filings. *See, e.g.*, *Doe v. Mattis*, 288 F. Supp. 3d 195, 198 (Chutkan, J.) ("[T]he Defense Department filed a redacted, sealed version of the [classified] declaration."); Dkt. Nos. 228-29, *Al-Baluchi v. Austin, et al.*, No. 08 Civ. 2083 (D.D.C. Apr. 29, 2022); Dkt. Nos. 90-91, *United States v. Liu*, No. 19 Cr. 804 (S.D.N.Y. Dec. 21, 2020);

4

Dkt. Nos. 62-63, *United States v. Alimehmeti*, No. 16 Cr. 398 (S.D.N.Y. July 24, 2017); Dkt. No. 97, *United States v. Hasbajrami*, No. 11 Cr. 623 (E.D.N.Y. Dec. 23, 2014).

Here, it strains credulity for the Special Counsel's Office to suggest that its unclassified arguments, citations to legal authority, and any proposed order must be hidden from President Trump and the public. In addition to President Trump's due process rights, open-access principles under the First Amendment and at common law require a different course for a CIPA filing that is obviously an important "judicial record." *League of Women Voters of the United States v. Newby*, 963 F.3d 130, 136 (D.C. Cir. 2020) ("[E]very part of every brief filed to influence a judicial decision qualifies as a judicial record." (cleaned up)). "Accessing judicial records is fundamental to the rule of law and important to maintaining the integrity and legitimacy of an independent Judicial Branch." *CNN v. FBI*, 984 F.3d 114, 118 (D.C. Cir. 2021) (cleaned up). Accordingly, the Special Counsel's Office should be required to file a public version of its CIPA § 4 motion and justify any redactions so that President Trump and the public have an opportunity to respond to those contentions.

### III.   President Trump Will Seek A Hearing On The CIPA § 4 Submission

To the extent the Court authorizes the Special Counsel's Office to proceed *ex parte*, in whole or in part, President Trump respectfully requests an opportunity for an *ex parte* proceeding to discuss defense theories that the Court will be required to consider as it applies the applicable standard. *See United States v. Libby*, 429 F. Supp. 2d 18, 26 (D.D.C. 2006) ("[T]he Court will provide the defendant the opportunity to submit an *ex parte* affidavit from counsel detailing the defense so that the Court will be in a more informed position to determine whether the government's proposed redactions or substitutions for a particular document adequately provide

the defendant with what he needs to pursue his defense.").[2]  The Special Counsel's Office does not object to such a hearing, but contends that it must take place in the next two weeks.  That timeframe is not appropriate, and we request that the Court refrain from setting this deadline until after President Trump's objections to the sealing and *ex parte* handling of the CIPA § 4 motion are addressed.

First, two members of President Trump's defense team have not obtained clearances and are unable to review or discuss the classified discovery.  Particularly in light of the compressed schedule urged by the Special Counsel's Office, President Trump's Sixth Amendment rights require all counsel to be in a position to review and evaluate classified discovery and to participate in the planning of litigation strategy based on insights yielded from the classified productions.

Second, the Special Counsel's Office is not in compliance with its discovery obligations with respect to classified materials, which precludes President Trump from planning his defense on the timeframe urged by the Office.  In order for the Office to comply with these obligations, Prudential Search Reviews and additional classified disclosures—including, but not limited to, classified disclosures pursuant to the Jencks Act and *Giglio*—will be necessary.  *See* Justice Manual § 9-5.002 (discussing prosecution team composition and case-file review, including review of "substantive case-related communications);[3]  Justice Manual § 9-90.210 (discussing

---

[2] *Accord United States v. North*, 698 F. Supp. 322, 324 (D.D.C. 1988); *see also, e.g.*, *United States v. Kotey*, 545 F. Supp. 3d 331, 337-38 (E.D. Va. 2021); *United States v. Liu*, 2021 WL 3374535, at *1 (S.D.N.Y. 2021); *United States v. Chi Ping Ho*, 2018 WL 6082514, at *3 (S.D.N.Y. 2018); *United States v. Ying Lin*, 2018 WL 3404137, at *1 (E.D.N.Y. 2018); *United States v. Ng Lap Seng*, 2017 WL 2715213, at *1 (S.D.N.Y. 2017); *United States v. Hausa*, 232 F. Supp. 3d 257, 260-61 (E.D.N.Y. 2017); *United States v. Mostafa*, 992 F. Supp. 2d 335, 337-38 (S.D.N.Y. 2014); *United States v. Babafemi*, 2014 WL 1515277, at *3 (E.D.N.Y. 2014); *United States v. Kim*, 2013 WL 3866542, at *1 (D.D.C. 2013).

[3]  *See*  https://www.justice.gov/jm/jm-9-5000-issues-related-trials-and-other-court-proceedings (last accessed Sept. 27, 2023).

Prudential Search Reviews);[4] *In re Extradition of Ameen*, 378 F. Supp. 3d 902, 906 & n.8 (E.D. Cal. 2009). For example, consistent with DOJ practice in other cases, the Office has acknowledged in the Southern District of Florida prosecution that defense discovery requests may require additional classified disclosures. (*See* Dkt. No. 104-2 at 13-14, *United States v. Trump*, No. 23 Cr. 80101 (S.D. Fla.)); *see also, e.g.*, *United States v. Kuciapinski*, 2022 WL 3081928, at *6 (D. Colo. Aug. 3, 2022) ("Pursuant to CIPA, the Counterintelligence and Export Control Section made a Prudential Search Request with the federal agencies . . . controlling the discovery that [defendant] requested . . . ."); *United States v. Doe No. 2*, 2009 WL 10720338, at *3 (S.D. Fla. 2009) (noting that, in response to a defense request, prosecutors had "launched inquiries, seeking damage assessments, to all United States governmental entities that reasonably could be expected to have such assessments if such assessments exist"). President Trump cannot fully develop his defense theory for the Court's *ex parte* consideration without access to these materials and an opportunity to review them.

Third, as noted above, in light of restrictions on one of the central documents in the classified discovery, we are presently foreclosed from making applications to the Special Counsel's Office or the Court relating to the substance of the document. Thus, although we anticipate transmitting discovery requests and motions to compel, we are not in a position to pursue those mechanisms as of this filing.

Under these circumstances, and even if the restricted-handling issue is addressed promptly, the two-week deadline proposed by the Special Counsel's Office for President Trump to disclose his defense theories to the Court is not reasonable or an efficient use of judicial resources. There is no fair reason for the Office to push the Court to quickly resolve its CIPA § 4 motion on an *ex*

---

[4] *See* https://www.justice.gov/jm/jm-9-90000-national-security (last accessed Sept. 27, 2023).

*parte* basis when it is apparent that there will be additional litigation regarding the nature and scope of the Office's discovery obligations, including but not limited to its obligations with respect to classified discovery. If the Court takes the course urged by the Office, subsequent disclosures could cause President Trump to supplement or revise his defense strategy, which could in turn require the Court to revisit any prior protective order(s) issued under CIPA § 4. For all of these reasons, the Court should refrain from setting a deadline for any *ex parte* submission by President Trump until after resolving his procedural objections to the CIPA § 4 motion.

**IV.  President Trump Requests An Adjournment Of The CIPA § 5 Deadline**

Finally, President Trump respectfully requests that the deadline for CIPA § 5 notice be adjourned until three weeks after all defense counsel obtain necessary clearances and the Special Counsel's Office completes its productions pursuant to *Brady*, Rule 16, the Jencks Act, and *Giglio*.

At the August 28, 2023 conference, the Special Counsel's Office proposed that CIPA § 5 notice be required within 30 days of counsel obtaining clearances. (8/28/23 Tr. 51). At the time, we did not object to that deadline because we expected that the Special Counsel's Office would discharge its disclosure obligations in this case in the same way that the Office had described discovery in the Florida Case. There, the Office committed to "promptly" producing "all" witness statements, "even if [the statements] would not be deemed discoverable under 18 U.S.C. § 3500." (Dkt. No. 30 at 2, Dkt. No. 76 at 5, *United States v. Trump*, No. 23 Cr. 80101 (S.D. Fla.)). We now know that the Office has not met that undertaking in the Florida case, and it has not yet produced such materials here.

President Trump currently expects to include information from the classified discovery in his CIPA § 5 notice, and he is also likely to provide CIPA § 5 notice as to materials that he will be seeking but have not yet been produced. In addition, the use at trial of classified witness

8

statements, including contemporaneous classified emails, is central to President Trump's anticipated CIPA § 5 litigation strategy. Once these materials are produced, we expect to establish that some of them are relevant and admissible as substantive evidence, and others will be admissible as appropriate impeachment. Therefore, it would be inefficient to require a CIPA § 5 notice in the near term because that process will have to be completed again as the Special Counsel's Office makes additional disclosures.

## CONCLUSION

For the foregoing reasons, the Court should (1) order the Special Counsel's Office to file a redacted version of its CIPA § 4 motion and a public brief justifying its redactions; (2) refrain from addressing the CIPA § 4 motion until President Trump has an opportunity to file procedural objections on October 11, 2023 and make any appropriate *ex parte* submission regarding his defense theories; and (3) adjourn the deadline for CIPA § 5 notice until three weeks after the Office complies with its disclosure obligations as to the entire defense team.

Dated: September 27, 2023

Gregory M. Singer
John F. Lauro, Esq.
D.C. Bar No. 392830
jlauro@laurosinger.com
Gregory M. Singer, Esq. (PHV)
gsinger@laurosinger.com
Filzah I. Pavalon, Esq. (PHV)
fpavalon@laurosinger.com
LAURO & SINGER
400 N. Tampa St., 15th Floor
Tampa, FL 33602
(813) 222-8990

Respectfully submitted,

  /s/ Todd Blanche
Todd Blanche, Esq. (PHV)
toddblanche@blanchelaw.com
BLANCHE LAW PLLC
99 Wall St., Suite 4460
New York, NY 10005
(212) 716-1250

*Counsel for President Trump*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 27, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which in turn serves counsel of record via transmission of Notices of Electronic Filing.

/s/ Todd Blanche____
Todd Blanche