UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.                                                      Case No. 1:23-cr-257-TSC

DONALD J. TRUMP,

    Defendant.
_____/

**PRESENT TRUMP'S OPPOSED MOTION FOR EXTENSION OF TIME TO FILE PRETRIAL MOTIONS**

President Donald J. Trump respectfully requests the Court extend the current pretrial motions deadline of October 9, 2023, by sixty (60) days to December 8, 2023 (the "Requested Extension").

As the Court knows, this case presents numerous novel and complex legal issues. Counsel has been diligently researching these questions and preparing appropriate pretrial motions, but requires a brief extension of time to complete this process. For the reasons set forth below, President Trump seeks the Requested Extension to ensure that he may raise all relevant legal issues with the Court, consistent with his Fifth Amendment right to a fair trial and to present a full defense.[1] The prosecution advises that it opposes the relief requested herein.

**BACKGROUND**

This case is the first of its kind and concerns many legal questions of first impression. This is the first time in history anyone—let alone a President of the United States—has been charged, in the defense's view wrongfully, with conspiracies related to a contested election. It is also the

---

[1] The current October 9, 2023 pretrial motions deadline specifically excludes Motions *in Limine* and Motions to Suppress. Doc. 39 at ¶ 4. President Trump does not seek to extend the deadlines for those motions at this time.

1

first time a President has been charged for conduct committed while in office, and the first time the leading presidential candidate has been charged in the middle of a campaign by his opponent's administration. As a result, defense counsel must research and address issues of extreme constitutional import that require careful analysis and briefing. Despite due diligence, counsel requires additional time to address these complex and novel legal questions and to ensure that they are properly placed before the Court. This additional time, therefore, will conserve judicial resources by providing defense counsel the necessary time to assist the Court in fully understanding these novel issues. It will also allow counsel the time necessary to ensure that all questions are fully researched, examined, and briefed.

At the outset of this case, the Court requested that the parties "propos[e] a trial date and estimating, to the extent possible, the time required" for trial. August 3, 2023, Minute Order. The parties submitted extensive briefing on their respective trial date proposals, Docs. 23, 30, and the Court held a hearing on August 28, 2023, Doc. 38. At the hearing, the Court and the parties focused primarily on their respective views regarding the appropriate trial date. At the conclusion of the hearing, the Court announced its decision to set trial for March 4, 2024, but did not hear argument regarding other deadlines. Instead, the Court indicated that it would "issue an order with a schedule for pretrial matters, including motions deadlines, status hearing, a pretrial conference, and other interim deadlines." Doc. 38 at 56:12–14.

The Court advised, however, that its initial deadlines would not be set in stone, but that "[i]f the parties have conflicts or other issues with the schedule other than the trial date, [a party] may file a motion to alter those dates after consulting with opposing counsel regarding alternative dates." Doc. 38 at 56:15–18. This was sensible, as it would allow the parties the opportunity to

fully assess their potential motions, including the amount of research and drafting time that would be needed to complete and file such motions.

Having performed this analysis, Defense counsel advises that it requires the Requested Extension to finalize several of its expected motions, including, for example, motions to dismiss relating to executive immunity, failure to state a claim, and improper conduct by the Special Counsel during the grand jury process and in charging decisions, motions for 17(c) subpoenas, potential motions to compel discovery, *etc*. Each of these motions will be extensive. Although counsel has been working diligently to meet the existing motion deadline, it is now clear that President Trump will require the Requested Extension to fully address the complex questions raised by the unique legal issues in this case. Additionally, President Trump believes that his pretrial motions will be more efficiently and appropriately considered sequentially and on a rolling basis—as all motions have thus far been considered—rather than in a single burst before an arbitrary motion deadline. In this regard, President Trump anticipates filing certain motions in advance of the Requested Extension date, and not waiting until the last day to file numerous motions. Thus, the Requested Extension would provide additional time that would benefit the Court and the prosecution.

Finally, defense counsel has begun the process of reviewing vast amounts of discovery in this case, now totaling nearly 13 million pages of documents (together with other materials), while operating under an unprecedented trial setting mere months from the time of indictment. This is a time-consuming task requiring considerable attention, which diverts substantial resources from motion practice. Defense counsel needs the time necessary to review this discovery and assess its potential import regarding the motions we intend to file. We are unlikely to have made even a small dent in this review by the currently scheduled pretrial motions deadline.

An additional sixty days will enable defense counsel to review larger segments of the provided discovery, request additional discovery from the prosecution, and address matters relating to confidential and classified materials. These tasks go to the heart of President Trump's constitutional rights to due process and effective assistance of counsel. The reasonable adjournment here would be consistent with achieving a fair and just trial for President Trump—objectives that the Court states it endorses—while not prejudicing the prosecution in any way

## ARGUMENT

Rule 12(c)(1) of the Federal Rules of Criminal Procedure authorizes the Court to extend the pretrial motions deadline: "[a]t any time before trial, the court may extend or reset the deadline for pretrial motions."

Unlike Fed. R. Crim P. 45(b), which requires a movant to demonstrate "good cause" for an extension of time, Rule 12(c)(1) does not require such a showing. This is to ensure that a criminal defendant has sufficient time to prepare and raise all appropriate motions. Thus, requests for extensions should be granted liberally, absent a specific showing of prejudice.

Here, the prosecution would suffer no prejudice. The Requested Extension would not affect any other deadlines, and the case would continue to trial on schedule. The prosecution would have equal time to file pretrial motions by the new proposed deadline and would retain the same ability to respond to significant motions filed by the defense, including those addressed to threshold presidential immunity issues and the applicability of the indicted offenses to the described presidential conduct. The Requested Extension would also allow these significant motions to be made on a serial basis rather than all at once before the deadline. Thus, the Requested Extension would provide additional time to focus on and respond to each motion as it is filed, benefiting, the Court and the prosecution.

Nor would the proposed extension depart from ordinary order. Just the opposite, where the Court does not set a deadline, the Rules provide that a defendant may file pretrial motions at any time. *See* Fed. R. Crim. P. 12(c)(1). Thus, by default, defendants have the entire pretrial period to file motions. This is far from the typical case, and President Trump is not asking for the entire pretrial period, but rather a brief extension that would place the deadline nearly 3 months before the beginning of trial. This is a reasonable accommodation in a case, such as this, that presents extraordinary issues and will require an unusually robust pretrial motion practice.

Finally, under no circumstances could the prosecution claim that allowing President Trump to raise additional valid legal defenses would cause it prejudice. *United States v. Milton*, 621 F. Supp. 3d 421, 426–27 (S.D.N.Y. 2022) ("[T]hat, of course, is not a form of cognizable prejudice to the Government"). After all, the presumed goal of the prosecution should be to do justice, rather than provide an advantage to one political candidate during a presidential campaign. The due administration of justice requires that President Trump be afforded adequate time to raise all appropriate pretrial motions, particularly where, as here, allowing additional time would cause no cognizable prejudice on any party.

To be sure, "Courts must, at times, strike a balance" between granting an extension and "enforcing technical rules and time limits." *Parker v. Yellen*, No. CV 22-2344 (RDM), 2023 WL 3647177, at *1 (D.D.C. May 25, 2023). "At times, that balance is a close one…[t]his is not such a case." *Id.* President Trump's need to present a vigorous defense should not be subsumed by the prosecution's desire for a tactical advantage. Accordingly, the Court should grant the Requested Extension.

## REQUEST FOR EXPEDITED BRIEFING SCHEDULE

As the prosecution opposes the Motion, any response under a standard briefing schedule would be due after the current pretrial motion deadline. For the parties to conduct themselves accordingly, President Trump requests that the Court set a briefing schedule that will allow for a decision by next week so that the parties have sufficient notice of scheduling.

## CONCLUSION

President Trump respectfully requests that the Court grant the Requested Extension and allow the parties until December 8, 2023, to file pretrial motions.

Dated: September 28, 2023

Todd Blanche, Esq. (PHV)
toddblanche@blanchelaw.com
BLANCHE LAW
99 Wall St., Suite 4460
New York, NY 10005
(212) 716-1250

Respectfully submitted,

*/s/John F. Lauro*
John F. Lauro, Esq.
D.C. Bar No. 392830
jlauro@laurosinger.com
Gregory M. Singer, Esq. (PHV)
gsinger@laurosinger.com
Filzah I. Pavalon, Esq. (PHV)
fpavalon@laurosinger.com
LAURO & SINGER
400 N. Tampa St., 15th Floor
Tampa, FL 33602
(813) 222-8990
*Counsel for President Trump*