IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *   CRIMINAL NO. 23-cr-257 (TSC) |
| | * |
| DONALD J. TRUMP, | * |
| | * |
| Defendant. | * |
| | * |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION
FOR EXTENSION OF TIME TO FILE PRETRIAL MOTIONS**

At the status hearing on August 28, 2023, the Court set a trial date that carefully balanced the defendant's need to prepare appropriately for trial and the public's right to a prompt and efficient resolution of this case. The Court then issued a Pretrial Order that organized pretrial proceedings in a fair and efficient way through the trial date. *See* ECF No. 39. Relying on arguments that the Court already has considered and rejected in setting the current schedule, the defendant now seeks to extend, by sixty days, the deadline for the filing of pretrial motions. *See* ECF No. 63. The defendant's motion fails to provide a basis for any extension, much less an extension of two months. And despite the defendant's claim to the contrary, granting the motion would substantially delay the pretrial schedule and, by design, disrupt the trial date. The Court should deny the motion.

I.     **Background**

On August 3, 2023, the defendant was arraigned on the indictment, and the Court ordered briefing on the parties' respective proposals for a trial schedule, to be addressed at a status hearing on August 28. The Government proposed that trial begin in January 2024, ECF No. 23, while the defendant proposed April 2026, ECF No. 30, and at the August 28 hearing, the Court stated that neither party's proposal was acceptable. ECF No. 38 at 4. Instead, after careful consideration of

the parties' submissions, as well as oral argument, and in view of statutory and constitutional speedy trial requirements, the Court ordered trial to begin on March 4, 2024. *See id.* at 52–55 ("I find that a trial beginning on March 4, 2024, would give the defense adequate time to prepare for trial and ensure the public's interest in seeing this case resolved in a timely manner."). The Court issued a written Pretrial Order the same day requiring the filing of "[a]ll other pre-trial motions, excluding motions *in limine*" on or before October 9, oppositions by October 23, and replies by November 6. ECF No. 39 ¶ 2. Consistent with orderly pretrial practice, the Order set other interim deadlines necessary to maintaining the Court's selected trial date, including that motions *in limine* and motions to suppress be filed on or before December 27 and fully briefed by January 22, 2024; that the parties notice expert witnesses by December 11; that the parties exchange exhibit lists by December 18, with objections and replies to be filed by January 3 and January 9, respectively; and that the parties' proposed voir dire, jury instructions, and verdict forms be filed by January 15. *Id.* ¶¶ 4–5, 7–8.

Before issuing the Pretrial Order, at the August 28 hearing, the Court addressed, among other matters, the defendant's principal arguments for delaying the trial date: the existence of "novel issues of law" and the volume of discovery. ECF No. 38 at 17–33. Turning specifically to the anticipated motions schedule, the Court asked the defense for a "sense of what if any dispositive motions or motions requiring significant briefing" the defendant intended to file. *Id.* at 51. During the hearing, in addition to predicting that "we're going to be back many, many times arguing some of these complex motions," the defense detailed several motions that it was "already starting," including an "extensive motion that deals with executive immunity," "a selective prosecution motion," litigation on "First Amendment issues" and "Rule 17 subpoenas," and

various "motions to dismiss based on the flawed legal theory." *Id.* at 34–36, 51–52.[1] Defense counsel also intimated that the defense may move to change venue. *Id.* at 57–60. Regarding the selective prosecution motion, defense counsel conveyed that the motion "may involve a request for an evidentiary hearing" and "the executive immunity argument will also come with a motion to stay as well, which we may be entitled to under existing law."[2] *Id.* at 52. As to the latter, counsel represented, "[W]e're going to raise [that] with the Court likely this week or early next week"—that is, no later than September 6, 2023. *Id.* at 33–34.

Now, almost one month later, the defendant has not filed the executive immunity motion he described. Instead, he seeks to "extend the current pretrial motions deadline of October 9, 2023, by sixty (60) days to December 8, 2023." ECF No. 63 at 1. As support for this lengthy delay, the defendant cites the same bases for a delayed trial date that the Court rejected at the August 28 hearing—"novel and complex legal issues" and "need[ing] the time necessary to review this discovery and assess its potential import regarding the motions we intend to file." *Id.* at 1, 3. The Government opposes the motion.

**II.     Argument**

Federal Rule of Criminal Procedure 12(c)(1) provides that a "court may, at the arraignment or as soon afterward as practicable, set a deadline for the parties to make pretrial motions." Orders establishing deadlines for pretrial practice are common in this District; the Court's website even

---

[1] Weeks before the status hearing, the defendant and defense counsel already had signaled their intent to file certain motions, including ones based on the First Amendment, immunity, and change of venue. *See, e.g.,* CBS Face the Nation (Aug. 6, 2023), available at https://www.cbsnews.com/video/86-face-the-nation/; Truth Social, @realDonaldTrump, https://truthsocial.com/@realDonaldTrump/110842897375935251 (Aug. 6, 2023).

[2] To the extent the defendant intends to file motions to stay in connection with his pretrial motions, it is all the more important that the Court require him to adhere to the existing schedule to prevent the disruption of the trial date.

carries a template for ready reference.[3] Under Rule 12(c)(2), "[a]t any time before trial, the court may extend or reset the deadline for pretrial motions." Rule 12(c)(2) "anticipates that a district court has broad discretion to extend, reset, or decline to extend or reset, the deadline for pretrial motions." Fed. R. Crim. P. 12 advisory committee note (2014 amendment). Consistent with the Rule, the Supreme Court has recognized in the Sixth Amendment context that "broad discretion must be granted trial courts on matters of continuances." *Morris v. Slappy*, 461 U.S. 1, 11 (1983).

Without citation to legal authority, the defendant relies upon a different legal standard, asserting that "requests for extensions should be granted liberally, absent a specific showing of prejudice." ECF No. 63 at 4. This language appears to be borrowed from the standard for motions for leave to amend pleadings in civil cases under Federal Rule of Civil Procedure 15(a)(2). It is nowhere to be found in the federal or local rules of criminal procedure, and it is not applicable in this criminal case. The defendant later cites a civil case for the proposition that "'[c]ourts must, at times, strike a balance' between granting an extension and 'enforcing technical rules and time limits,'" ECF No. 63 at 5 (quoting *Parker v. Yellen*, No. CV 22-2344, 2023 WL 3647177, at *1 (D.D.C. May 25, 2023)). But the defendant fails to mention that the relief in that civil case was "a short extension of time (a little over a week) to effect service of process" where the movant would otherwise "not be able to refile his complaint"—facts that in no way move the needle toward the defendant's requested relief here. *Parker*, 2023 WL 3647177, at *1, *3. The Court should exercise its discretion by declining the defendant's request to significantly delay the pretrial motions deadline.

---

[3] https://www.dcd.uscourts.gov/sites/dcd/files/Criminal%20Pretrial%20Order%20Template.pdf.

Setting aside the faulty legal standard the defendant proposes, as a factual matter, the defendant's two arguments in support of a sixty-day extension—"novel" legal issues and time needed to review discovery, ECF No. 63 at 1, 3—are not new.  The Court heard and considered them in connection with the Court's decision on the trial date and Pretrial Order.  *See* ECF No. 38.  The defendant has presented no additional basis for upending the Court's considered judgment in allocating the schedule leading up to trial.

First, the defendant's argument regarding "novel" legal issues does not merit revision of the motions deadline.  In its motion, the defense asserts that the "brief" sixty-day extension is "require[d] . . . to finalize several of its expected motions, including, for example, motions to dismiss relating to executive immunity, failure to state a claim, and improper conduct by the Special Counsel during the grand jury process and in charging decisions, motions for 17(c) subpoenas, potential motions to compel discovery, *etc.*"  ECF No. 63 at 3.  The identified motions, however, are largely the same ones raised in court on August 28 and in the public weeks before that.  *Compare id.* at 3 *with* ECF No. 38 at 33–36, 51–52.  The defendant's only addition to the list of motions previewed on August 28 is "potential motions to compel discovery, *etc.*"  ECF No. 63 at 3.  But the defendant does not identify whether such discovery motions will be forthcoming or what they might seek to compel.  In any event, this mere possibility does not warrant a two-month extension of the deadline for pretrial motions.  If, in fact, the defendant later formulates a motion to compel discovery, he may at that time move under Rule 12(c) for relief from the Pretrial Order, the Government can respond, and the Court can rule on a developed record.  Given his citation to a case addressing Rule 12(c)(3)'s provision that a district court may consider an untimely motion "if the party shows good cause," the defendant must be aware of this

straightforward point of practice.  *See* ECF No. 63 at 5 (citing *United States v. Milton*, 621 F. Supp. 3d 421, 426–27 (S.D.N.Y. 2022)).

The current October 9 motions deadline afforded the defendant more than two months from the indictment to craft his legal arguments.  Just as the defendant failed to justify delaying trial to a date more than two-and-a-half years after indictment, the defendant has not articulated any facts here that would support extending the deadline by sixty days to "finalize" his motions.  Indeed, the defendant asks for a sixty-day extension even to file the executive immunity motion he told the Court would be raised within a week of the August 28 hearing.  *See* ECF No. 38 at 33–34.  Far from justifying a sixty-day extension of time, these circumstances indicate that the current motion is intended for one purpose only: delay.

Second, the defendant cannot square his purported need to continue to review discovery with the substantive motions he has said he intends to file.  That is because the defendant has indicated that his pretrial motions will focus on "an enormity of unique legal issues," *id.* at 34, not ones based on factual issues.  Motions raising such legal issues fall within the scope of Rule 12(b)(3)(A)–(B) as those alleging "a defect in instituting the prosecution" or "a defect in the indictment or information"—matters collateral to the evidence of the defendant's guilt.  After all, "a pretrial motion to dismiss an indictment 'allows a district court to review the sufficiency of the government's pleadings, but it is not a permissible vehicle for addressing the sufficiency of the government's evidence.'"  *United States v. Mosquera-Murillo*, 153 F. Supp. 3d 130, 154 (D.D.C. 2015) (quoting Moore's Federal Practice, § 612.02).  Put simply, a defendant's ongoing review of discovery is no reason to halt the filing of the pretrial motions he has forecast.

Aside from the faulty bases for the present motion, the defendant is plainly wrong when he insists that granting a "brief" sixty-day extension "would not affect any other deadlines, and the

case would continue to trial on schedule." ECF No. 63 at 1, 4.  On the contrary, the defendant's proposal would vitiate the organizational principles underpinning the Court's selection of interim dates.  If the defendant's requested extension of time to December 8 were granted, pretrial motions would not even be ripe for the Court to consider until January 5, 2024—well after the deadlines for the parties to submit exhibits and *in limine* motions,[4] and just ten days before jury instructions are due.  A quick skim of the Pretrial Order reveals the cascade of conflicts that the defendant's proposed modification would create as this case moves forward.  Any pretrial motions rulings will impact which exhibits the parties expect to use in their cases-in-chief; which witnesses may be called; which motions *in limine* or to suppress are filed; and the parties' proposed jury instructions.  The defendant should not be permitted to delay the trial until his preferred 2026 trial date, already rejected by the Court, through unwarranted extensions of interim deadlines.

To be sure, the defendant "anticipates filing certain motions in advance" of his proposed December 8 deadline and offers the view "that his pretrial motions will be more efficiently and appropriately considered sequentially and on a rolling basis—as all motions have thus far been considered—rather than in a single burst before an arbitrary motion deadline." *Id.* at 3.  But the Court's dates were not "arbitrary."  The Court's prescribed dates for the filing of significant motions, responses, and replies enable all parties to manage their resources and time "efficiently and appropriately" and are central to the due administration of justice.  Granting the defendant's request to consider his pretrial motions "sequentially and on a rolling basis"—depending, evidently, on when the defendant chooses to file them—would result in an indeterminate,

---

[4] In his original proposed trial schedule, the defendant appears to have appreciated the need to resolve pretrial motions before addressing more factual *in limine* motions.  *See* ECF No. 30 at 2–3 (suggesting pretrial motions deadline 17 months before *in limine* motions deadline).

unworkable schedule controlled by the defendant, rather than by the Court. In short, the defendant shows no basis for the Court to reconsider its prior ruling.

## III. Conclusion

The Court's Pretrial Order compels the parties to try this case on a schedule consistent with normal order, in accordance with the due administration of justice. The defendant's request for a sixty-day extension of time to file pretrial motions is unwarranted, and inconsistent with orderly pretrial preparation for the trial beginning on March 4, 2024. The Court should deny the motion.

Respectfully submitted,

JACK SMITH
Special Counsel

By:   /s/Thomas P. Windom
      Thomas P. Windom
      Molly Gaston
      Senior Assistant Special Counsels
      950 Pennsylvania Avenue NW
      Room B-206
      Washington, D.C. 20530