AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No. 23-cr-257-TSC |
| DONALD J. TRUMP ) | |
| *Defendant* ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To: Jonathan E. Meyer
Office of the General Counsel, U.S. Department of Homeland Security, 2707 Martin Luther King Jr. Ave SE, Gate 1, Washington, DC 20016

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

See Attachment "A"

| Place: Lauro & Singer<br>400 N. Tampa St., 15th Floor<br>Tampa, FL 33602 | Date and Time: Production will be two weeks from date of service |
|---|---|

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

(SEAL)

Date: _____

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Defendant Donald J. Trump, who requests this subpoena, are:

John F. Lauro; Lauro & Singer, 400 N. Tampa St., 15th Floor, Tampa, FL 33602; jlauro@laurosinger.com; 813.222.8990

**Notice to those who use this form to request a subpoena**

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

Case No.    23-cr-257-TSC

**PROOF OF SERVICE**

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Print    Save As...    Add Attachment    Reset

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

    **(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

    **(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

    **(3) Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

    **(1) In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

    **(2) In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

# ATTACHMENT A

**TO:**   Jonathan E. Meyer
Office of the General Counsel
U.S. Department of Homeland Security
2702 Martin Luther King Junior Ave. SE
Gate 1
Washington, D.C. 20016

## DEFINITIONS

1.   **"You"** and **"your"** means Jonathan E. Meyer and your staff, coworkers, employees, agents, subagents, independent contractors, and/or any person over which you exercise control.

2.   **"Communication"** means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), including, but not limited to, any e-mail, text, or letter (together with all attachments and enclosures).

3.   **"Records"** means documents or electronically stored information that reflects any information held by you, including writings, emails, texts, electronic or handwritten notes, electronic data, memoranda, drawings, graphs, charts, photographs, phono-records, transcripts, recordings and other data compilations from which information can be obtained or translated, if necessary, through detection devices into reasonably useable form. A draft or non-identical copy is a separate record within the meaning of this term.

4.   **"Select Committee"** means the Select Committee to Investigate the January 6th Attack on the U.S. Capitol, H.Res. 503, 117th Cong. (2021).

5.   **"Meyer Letter"** means the December 30, 2002, Letter from The Honorable Bennie Thompson and The Honorable Liz Cheney to The Honorable Jonathan Meyer, General Counsel, U.S. Department of Homeland Security (Attachment B).

6.   **"Sauber Letter"** means the December 30, 2022, Letter from The Honorable Bennie Thompson and The Honorable Liz Cheney to Richard Sauber, Special Counsel to the President (Attachment C).

7.   **"Loudermilk Letter"** means the June 26, 2023, Letter from The Honorable Barry Loudermilk, Chairman, Subcommittee on Oversight to the Honorable Bennie Thompson, Member of Congress (Attachment D).

1

8. **"Thompson Letter"** means the July 7, 2023, Letter from The Honorable Bennie Thompson, Member of Congress to The Honorable Barry Loudermilk, Chairman, Subcommittee on Oversight (Attachment E).

9. **"Select Committee Missing Materials"** means the records and communications transmitted pursuant to the Sauber and Meyer letters dated December 30, 2002, and the temporary committee records identified in footnote 1 of the Thompson letter. At a minimum this includes the video recordings or other transcriptions of witness interviews, intelligence and other law enforcement information available to the Secret Service, records identifying witnesses, and other information the Select Committee deemed private or operational details pursuant to agreements with the White House and Department of Homeland Security.  If the materials returned to the White House and Department of Homeland Security encompass more materials than described in the letters, "Select Committee Materials" also includes those materials.

10. **"Litigation hold"** means notice provided by any party to the Select Committee or any notice provided by the Select Committee to any party with the intention of maintaining records and communications or preventing the loss or destruction of any records and communications.

11. **"Concerning," "Regarding," "Referencing," or "Relating"** means relating to, referring to, describing, evidencing, or constituting.

12. **"All," "any,"** and **"each"** shall each be construed as encompassing any and all.

13. **"And"** and **"or"** shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

## INSTRUCTIONS

14. You are required to submit all materials described below in your possession, custody, or control to: Lauro & Singer, Counsel for President Donald Trump, 400 N. Tampa Street, Floor 15, Tampa, FL 33602, jlauro@laurosinger.com, gsinger@laurolawfirm.com.

15. Please produce the below-described within 14 days of service of this Subpoena.

16. The records and communications requested herein are to be produced as they are kept in the usual course of business or organized and labeled to correspond

2

to the numbered paragraphs or categories of particular requests. If there are no documents responsive to a particular numbered paragraph or category, so state in writing.

17.   If you assert a claim of privilege or protection with request to any item requested, please specifically state:
   a.   whether the document has been previously provided to any third party in full or in redacted form.
   b.   the nature of the privilege (including work product) that is being claimed and, if applicable, the state rule or law governing such claim;
   c.   the type of document (i.e., letter, memorandum, etc.);
   d.   the general subject matter of the document;
   e.   the date of the document; and
   f.   such information as is sufficient to identify the document including, where appropriate, the document author(s), addressee(s), and where not apparent, the relationship between the author(s) and addressee(s).

18.   If any record or communication has been destroyed or discarded, or is no longer in existence, that document is to be identified by stating:
   a.   its date of destruction or discard;
   b.   the manner and reason for its destruction or discard; and
   c.   the identity of the document's last custodian and of each person responsible for the document's destruction or unavailability.

19.   If any record or communication was, but no longer is in your possession, state all circumstances of its disposition and whether any copy is in the possession, custody or control of some other person or entity and indicate why the document or a copy cannot be produced.

20.   If any request herein cannot be complied with in full, it shall be complied with to the extent possible with an explanation as to why full compliance is not possible.

21.   Below are the Items Requested by this subpoena. The Items Requested are identified in four letters either to or from The Honorable Bennie Thompson who served as the Chair of the Select Committee. All items in quotation marks refer to the excerpts from the letters and should be given the meaning intended by the letter or the meaning ascribed by their common definition, whichever is broader.

22.   The Items Requested are organized by letter for reference. However, each request should not be considered to be limited to the items identified in the letter or in any way limited by the letter. You should consider each request independently as though it applies to any records and communications in your possession, custody, or control.

## **ITEMS REQUESTED**

23. Please Produce the following records and communications:

24. The Select Committee Missing Materials.

25. Records and communications regarding methods, practices, instructions, litigation holds, and/or policies regarding transfer, retention, archiving, or destruction of the Select Committee Missing Materials.

26. Records and communications regarding the loss or destruction of the Select Committee Missing Materials.

27. Communications with the Department of Justice or other law enforcement agencies related to the Select Committee Missing Materials.

28. Records and communications relating to any accommodations or agreements with the Executive Branch, including the Department of Justice, Department of Homeland Security, and White House, regarding the Select Committee Missing Materials.

29. Any other documents, communications, or records in any way pertaining to the Missing Materials.