UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.                                                          Case No. 1:23-cr-257-TSC

DONALD J. TRUMP,

    Defendant.
_____/

**PRESIDENT TRUMP'S RESPONSE
TO PROSECUTION'S MOTION FOR JURY PROCEDURES**

    The prosecution has moved for various relief relating to jury procedures. Doc. 97 (the "Motion"). Prior to filing the Motion, the prosecution did not fully describe its position and requested relief, and therefore President Trump opposed. Having reviewed the prosecution's submission, President Trump states that he is in general agreement with the concepts proposed by the prosecution. As set forth herein, however, President Trump respectfully requests that the Court allow the parties additional time to confer regarding these issues and present a joint proposal to the Court.

    **A.  Written Jury Questionnaire**

    The prosecution requests a written jury questionnaire, to be completed by prospective jurors "approximately three weeks before in-person jury selection begins." Motion at 4. The prosecution suggests that "the Government . . . draft a questionnaire, confer with the defense, and file a proposed questionnaire with indications as to which questions the parties agree upon and which they do not, after which the Court will issue a final questionnaire." *Id*. Additionally, the prosecution suggests that, based on questionnaire responses, the parties "would, approximately 1 week before trial, jointly submit a list of jurors whom they agree should be struck for cause, and

1

separate lists of jurors whom each party moves to strike for cause, based solely on information in the questionnaire." *Id*. at 5.

President Trump largely agrees with these suggestions; provided, however, President Trump believes it would be useful for the parties to confer regarding the specific process by which they would develop and brief any issues related to the questionnaire, as well as the specific timings for sending the questionnaire to potential jurors and proposing strikes for cause. For example, President Trump believes that it may be beneficial to utilize two rounds of jury questionnaires and would like to discuss this concept with the prosecution before the Court enters any order.

Additionally, President Trump states that, in his view, a jury questionnaire is not and should not be used as a substitute for a robust, in-person voir dire examination. Although a questionnaire can fairly aid in judicial efficiency by allowing early strikes of plainly disqualified jurors, no juror should be selected without extensive in-person questioning.

To that end, given the intense pretrial publicity, President Trump's public position as a former president and current leading presidential candidate, and the likelihood that potential jurors will have prior awareness of this case and strong feelings about President Trump, the defense will seek a significantly broader scope and time for voir dire than what the Court may employ in other cases. President Trump thus agrees to the use of a questionnaire, but does so without prejudice to any additional proposals President Trump may make regarding jury selection procedures. *See* Doc. 39 at ¶ 10 (Pretrial Order) ("The court will discuss its jury selection procedures at a later status hearing.").

B. **Juror Research**

The prosecution proposes that the parties should be prohibited from engaging in *ex parte* communications with potential jurors, including by asking such jurors "to 'follow' or 'friend'"

on social media "or make any analogous affirmative request, to gain access to [social media] posts or profiles that are not otherwise publicly available." Motion at 6. (Provided, however, this prohibition would not apply to "mere passive viewing of publicly available information on sites like LinkedIn that may alert a potential juror to the fact that a particular person has reviewed his or her account." *Id*. at 6–7). Finally, the prosecution proposes that "the parties should also be precluded from any form of investigation—whether online or otherwise— that could reasonably be perceived as vexatious or harassing." *Id*. at 7.

President Trump does not object to the parties not contacting jurors, and certainly would not do so even absent a Court order. Defense counsel has every intention of following ethical rules and Local Rules regarding juror contact. Although an order requiring parties to follow already-existing rules seems unnecessary, President Trump defers to the Court's discretion on this issue.[1]

Finally, it is important to recognize that the prosecution has every law enforcement and intelligence agency in the federal government at its disposal, presenting a far greater possibility of intrusion than the defense. Thus, any order should prohibit federal agencies from contacting potential jurors for any purpose related to this case, in addition to the prosecution team itself. *Lowenfield v. Phelps*, 484 U.S. 231, 241 (1988). Likewise, the Court should clarify that the prosecution team may not use or receive law enforcement or intelligence information regarding potential jurors "beyond what is publicly available." Motion at 6.

---

[1] The prosecution characterizes these rules as taking effect "during jury selection and trial," which President Trump interprets to include the questionnaire process.

### C. Disclosure of Juror Names

The prosecution does not seek juror anonymity or sequestration by this Motion, but does request that "jurors' identifying information not be made public outside of the courtroom," consistent with Local Criminal Rule 24.1(b), and that "in the courtroom, the Court and parties refer to jurors by number." Motion at 7.

President Trump, again, has no intention of publicizing the names or other contact information of jurors, but defers to the Court's discretion on whether to enter an order. Provided, however, President Trump expressly does not agree to juror anonymity and nothing in this response should be construed as consent to such extraordinary measures. Additionally, President Trump expressly objects to any suggestion that the jury faces any risk of harm due to their participation in President Trump's trial. Such comments, if placed before the jury, would be enormously prejudicial and would warrant an immediate mistrial.

Dated: October 20, 2023              Respectfully submitted,

Todd Blanche, Esq. (PHV)             */s/ John F. Lauro*
toddblanche@blanchelaw.com           John F. Lauro, Esq.
Emil Bove, Esq. (PHV)                D.C. Bar No. 392830
Emil.Bove@blanchelaw.com             jlauro@laurosinger.com
BLANCHE LAW                          Gregory M. Singer, Esq. (PHV)
99 Wall St., Suite 4460              gsinger@laurosinger.com
New York, NY 10005                   Filzah I. Pavalon, Esq. (PHV)
(212) 716-1250                       fpavalon@laurosinger.com
                                     LAURO & SINGER
                                     400 N. Tampa St., 15th Floor
                                     Tampa, FL 33602
                                     (813) 222-8990
                                     *Counsel for President Trump*