**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 1:23-cr-00257-TSC |
| DONALD J. TRUMP, | |
| *Defendant*. | |

**PRESIDENT TRUMP'S MOTION TO STRIKE INFLAMMATORY ALLEGATIONS
FROM THE INDICTMENT AND MEMORANDUM IN SUPPORT**

The Indictment includes repeated references to the actions of independent actors at the Capitol on January 6, 2021.  *See* ¶¶ 10(d), 105-113.  The Indictment does not charge President Trump with responsibility for any of these actions.  Specifically, the Indictment does not blame a January 6, 2021, speech given by President Trump for these actions.  Indeed, the Indictment recognizes that the actions at the Capitol began before President Trump had finished speaking.  *Id.* at ¶ 107; *see also* ¶ 105.  Because the Government has not charged President Trump with responsibility for the actions at the Capitol on January 6, 2021, allegations related to these actions are not relevant and are prejudicial and inflammatory.  Therefore, the Court should strike these allegations from the Indictment.

**LEGAL STANDARD**

Rule 7(d) of the Federal Rules of Criminal Procedure empowers the Court to "strike surplusage from the indictment or information."  Fed. R. Crim. P. 7(d).  "'Surplusage' is defined as 'redundant words in a statute or legal instrument,' 'language that does not add meaning,' and 'extraneous matter in a pleading.'"  *United States v. Singhal*, 876 F. Supp. 2d 82, 102 (D.D.C. 2012).

1

Rule 7(d) is designed to "protect[] the defendant against immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial." Fed. R. Crim. P. 7(d), Advisory Committee Notes, 1944 Adoption. Language in an indictment may be stricken if it is not relevant and it is prejudicial and inflammatory. *United States v. Rezaq*, 134 F.3d 1121, 1134 (D.C. Cir. 1998). Although the standard under Rule 7(d) has been strictly construed against striking surplusage, *United States v. Jordan*, 626 F.2d 928, 931 n.1 (D.C. Cir. 1980), courts in this district have granted motions to strike on numerous occasions. *See, e.g.*, *United States v. Singhal*, 876 F. Supp. 2d 82, 102–03 (D.D.C. 2012); *United States v. Espy*, 23 F. Supp. 2d 1, 10–11 (D.D.C. 1998); *United States v. Hsia*, 24 F. Supp. 2d 14, 24 (D.D.C. 1998); *United States v. Trie*, 21 F. Supp. 2d 7, 19 (D.D.C. 1998); *United States v. Poindexter*, 725 F. Supp. 13, 35–36 (D.D.C. 1989); *United States v. North*, No. CRIM. 88-0080-02, 1988 WL 148493, at *1 (D.D.C. Nov. 8, 1988); *United States v. Hubbard*, 474 F. Supp. 64, 82–83 (D.D.C. 1979). The Court should do the same here.

## ARGUMENT

### I.     The Indictment's Allegations Related to the Events at the Capitol on January 6, 2021 Are Not Legally Relevant.

"Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case." *United States v. Foster*, 986 F.2d 541, 545 (D.C. Cir. 1993) (quoting Advisory Committee's Note to Federal Rule of Evidence 401). "When it comes to relevancy, however, there is no sliding scale. The item is either relevant or it is not; there is no in-between." *United States v. Latney*, 108 F.3d 1446, 1449 (D.C. Cir. 1997) (internal quotation marks omitted).

Courts in this district considering a motion to strike compare the indictment's allegations to the charges against the defendant. For example, in a prosecution arising out of "Chinagate,"

which involved fundraising activities between agents of China and Democrat party officials, the

court struck references to "purchased access to high level government officials," because "[t]he

success of a scheme to defraud is irrelevant for purposes of prosecution of the scheme under the

mail and wire fraud statutes." *United States v. Trie*, 21 F. Supp. 2d 7, 20 (D.D.C. 1998).  Likewise,

in a prosecution against President Clinton's former secretary of agriculture, the court struck

references to "prohibited source" because, even though the executive branch and defendant used

that term, "[t]he defendant is not under indictment for violating the [executive branch's ethical

conduct] manual." *United States v. Espy*, 23 F. Supp. 2d 1, 11 (D.D.C. 1998).

Like the allegations in *Trie* and *Espy*, the allegations of the activities at the Capitol on

January 6 are not relevant to the charges against President Trump.  The Indictment does not charge

President Trump with responsibility for the actions at the Capitol on January 6, 2021.  *See generally*

Doc. 1; *see also, e.g.*, Alan Feuer, *The Charges That Were Notably Absent From the Trump

Indictment*, THE NEW YORK TIMES (Aug. 3, 2023), *at*

https://www.nytimes.com/2023/08/03/us/politics/indictment-trump-jan-6-violence.html.  As the

New York Times reported:

> There was something noticeably absent when the special counsel,
> Jack Smith, unsealed an indictment this week charging former
> President Donald J. Trump with multiple conspiracies to overturn
> the 2020 election: any count that directly accused Mr. Trump of
> being responsible for the violence his supporters committed at the
> Capitol on Jan. 6, 2021. . . . [The indictment] stopped short of
> charging [President Trump] with actually encouraging or inciting
> the mob that stormed the building, chasing lawmakers from their
> duties.

*Id.*  This observation is correct.  The Government has not charged President Trump with

responsibility for the actions at the Capitol on January 6, 2021.  Accordingly, allegations in the

indictment relating to actions at the Capitol are not relevant.  Just like the cases involving the Iran

embargo, the "Chinagate" allegations, and the prosecution of Mike Espy, they refer to extraneous material that does not underlie the alleged conduct.

## II.     Allegations Related to the Events at the Capitol on January 6, 2021 Are Prejudicial and Inflammatory.

It is well-settled that "[a] prosecutor may not make comments designed to inflame the passions or prejudices of the jury." *United States v. Johnson*, 231 F.3d 43, 47 (D.C. Cir. 2000). This jury trial principle also applies to allegations in an indictment.  Where, as here, the jury might decline to give defendants the benefit of reasonable doubt due to extraneous allegations, the Court should strike them.

Courts in this district considering a motion to strike have found allegations prejudicial when they involve "hot topics" that are the subject of high public interest.  For example, in a prosecution against officers of a Chinese company for business fraud, the court found that the "Indictment reads like a typical U.S. securities fraud case, yet it does not expressly charge any violations of U.S. securities laws, including failure to report related party transactions or insider trading." *United States v. Singhal*, 876 F. Supp. 2d 82, 88 (D.D.C. 2012).  Because there were no insider trading charges, the court struck references to "insider trading" since those "references are highly prejudicial to defendants because they reference a current hot topic in U.S. law that the defendants are not even charged with in this case" and could confuse the jury. *Id.* at 103.

References to events that are not the subject of criminal charges also have been stricken as prejudicial.  In a prosecution related to the Iran-Contra affair, the court struck references to the defendant's resignation and Lt. Col. Oliver North's discharge. *United States v. Poindexter*, 725 F. Supp. 13, 36 (D.D.C. 1989).  "Inclusion of these facts could be taken by the jury as objective indications of fault or of Reagan Administration determinations of fault; they are thus prejudicial without having any special relevance." *Id.*  Likewise, in a prosecution for conspiring to collect

4

data held by the United States, the court struck reference to a federal courthouse confrontation between Federal Bureau of Investigation agents and alleged members of the Church of Scientology in the United States. *United States v. Hubbard*, 474 F. Supp. 64, 83 (D.D.C. 1979). "Since this occurrence is not charged in the indictment as a substantive offense, the Court finds that it may be prejudicial to the defendants." *Id.*

The public has high awareness of, and strong views regarding, the actions at the Capitol on January 6, 2021. Allegations in the indictment relating to these actions, when President Trump has not been charged with responsibility for them, is highly prejudicial and inflammatory because members of the jury may wrongfully impute fault to President Trump for these actions. Because the Government did not charge President Trump with responsibility for the actions at the Capitol on January 6, 2021, a former federal prosecutor has aptly described the indictment's discussion of the events at the Capitol as the "worst outrage" in the Indictment and "wav[ing] the bloody shirt." Andrew C. McCarthy, *Jack Smith Hasn't Charged Trump With the Jan. 6 Riots – But He Wants to Use It as a Judicial Cudgel*, NEW YORK POST, Aug. 2, 2023, at https://nypost.com/2023/08/02/jack-smith-hasnt-charged-trump-with-the-jan-6-riots-but-he-wants-to-use-it-as-a-judicial-cudgel/.

Removing the allegations will not impair the Government's case against President Trump, but it will substantially lessen the prejudice to him. Accordingly, allegations in the Indictment relating to actions at the Capitol on January 6 are prejudicial and inflammatory.

## CONCLUSION

The indictment's allegations about the events at the Capitol on January 6, 2021, are not relevant to any charges against President Trump. They relate to a high-profile issue on which the public has high awareness and strong opinions, making their inclusion prejudicial and

inflammatory.  Because these allegations are not relevant and are prejudicial and inflammatory, the Court should strike Paragraphs 10(d) and 105-113 from the Indictment.

Dated: October 23, 2023                    Respectfully submitted,

Todd Blanche, Esq. (PHV)                   */s/John F. Lauro*
toddblanche@blanchelaw.com                 John F. Lauro, Esq.
Emil Bove, Esq. (PHV)                      D.C. Bar No. 392830
Emil.Bove@blanchelaw.com                   jlauro@laurosinger.com
BLANCHE LAW                                Gregory M. Singer, Esq. (PHV)
99 Wall St., Suite 4460                    gsinger@laurosinger.com
New York, NY 10005                         Filzah I. Pavalon, Esq. (PHV)
(212) 716-1250                             fpavalon@laurosinger.com
                                           LAURO & SINGER
                                           400 N. Tampa St., 15th Floor
                                           Tampa, FL 33602
                                           (813) 222-8990
                                           *Counsel for President Trump*