IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *   CRIMINAL NO. 23-cr-257 (TSC) |
| | * |
| DONALD J. TRUMP, | * |
| | * |
| Defendant. | * |
| | * |

## GOVERNMENT'S REPLY IN SUPPORT OF OPPOSED MOTION FOR FORMAL PRETRIAL NOTICE OF THE DEFENDANT'S INTENT TO RELY ON ADVICE-OF-COUNSEL DEFENSE

The defendant and his counsel have stated clearly, repeatedly, and publicly that he intends to raise an advice-of-counsel defense in this case. Accordingly, to avoid disruption and delay in advance of and during trial, the Government moved the Court to set a reasonable deadline by which the defendant must provide formal notice of his intent to rely on an advice-of-counsel defense, and to disclose evidence relevant to the defense. In response, the defendant concedes that the records and witnesses relevant to such a defense are potentially extensive—meaning that a delay in declaring it could derail the Court's pretrial and trial schedule—but he tries various tacks to postpone or avoid what fairness and efficiency require. On the final page of his response, the defendant offers to provide notice on January 15, 2024, but suggests that the Court should only then "solicit briefing to determine a reasonable schedule for [the defendant]'s production of relevant materials." His proposal is unworkable and will risk substantial delay and disruption. The Court should, instead, require him to provide formal notice of an advice-of-counsel defense and identify and produce any discovery relevant to proving or undermining it by December 18, 2023, the date by which the parties are required to provide their exhibits.

## I. The Court Has Inherent Power to Set a Reasonable Notice and Disclosure Deadline.

The defendant claims that any requirement that he provide reasonable notice of his intent to mount an affirmative advice-of-counsel defense would be unconstitutional or otherwise unlawful. *See* ECF No. 112 at 6-9. Not so. It is undisputed that courts in this District have found and exercised their inherent power to order pretrial notice and disclosure of an advice-of-counsel defense. *See United States v. Stewart Rhodes*, 22-cr-15, ECF No. 318 (D.D.C. Sept. 15, 2023); *United States v. Crowder* 325 F. Supp. 3d 131 (D.D.C. 2018). To the extent the defendant mentions additional cases beyond those already cited and distinguished in the Government's initial motion, ECF No. 98 at 5-7, those cases are inapposite, distinguishable, or not instructive. Several declined to require notice on the basis that the government had provided no support for the request. *See United States v. Espy*, 1996 WL 560354, at *1 (E.D. La. Oct. 2, 1996); *United States v. Faulkner*, 2011 WL 976769, at *3 (N.D. Tex. Mar. 21, 2011). One case involved a defendant who disclaimed he would rely on any such defense. *See United States v. Shea*, 2022 WL 1598189, at *1 (S.D.N.Y. May 20, 2022). Another case relied on by the defendant for the proposition that some courts reject a request for pretrial notice held just the opposite, requiring the defendant to file a pretrial motion if he wished to assert an advice-of-counsel defense. *See United States v. Crinel,* 2016 WL 6441249, at *12 (E.D. La. Nov. 1, 2016). And although the court in *United States v. Alessa*, 561 F. Supp. 3d 1042, 1049 (D. Nev. 2021), aligned itself with those courts that have not required pretrial notice of an advice-of-counsel defense, it relied on factors not present in this case and ultimately concluded that the request was "entirely within the Court's discretion."

## II. The Court Should Order the Defendant to Provide Notice and Disclosure on December 18, 2023.

The date that the Government proposed for the defendant to provide notice and disclosure related to an advice-of-counsel defense—December 18, 2023—is fair and reasonable because the defendant has already publicly announced his intent to mount such a defense, and because by that date he is required to disclose any related trial exhibits and thereby waive his attorney-client privilege.

The defendant now claims that he requires substantial time to review the Government's discovery to assess whether to pursue an advice-of-counsel defense, ECF No. 112 at 2-3, but he announced his decision to rely on this defense before any discovery was produced. As previously detailed, ECF No. 98 at 1-3, starting on the very day the indictment was returned on August 1, 2023, and for days following, the defendant's lead counsel repeatedly stated publicly that the defendant would rely on an advice-of-counsel defense. While the defendant now insists that he provided no more than "a mere indication" of the defense, ECF No. 112 at 2 n.1, that claim is belied by his counsel's actual words, which were clear, specific, and in response to questions about the defense and legal strategy. Moreover, counsel's words were echoed weeks later by the defendant himself, ECF No. 98 at 3, further underscoring that the decision already had been made to rely on this defense. Accordingly, there is no reason to delay providing the notice until January.

Further, the December 18, 2023, date makes sense because it is the date that the parties' exhibit lists are due. Given what is required for the defendant to make out this defense at trial, *see United States v. White,* 887 F.2d 267, 270 (D.C. Cir. 1989) (setting forth the evidence the defendant must offer in support of the defense), it is difficult to imagine that the defendant could rely on it without offering any exhibits in support, particularly since the defendant's counsel already has specifically identified a "very detailed memorandum from a constitutional expert" that he says will

buttress it. ECF No. 98 at 12. Since the defendant will need to identify any exhibits he intends to offer in support of the defense by December 18, 2023, there is no reason to delay providing notice beyond that date.

The defendant does not dispute that once he relies on an advice-of-counsel defense, he waives attorney-client privilege as to all communications concerning the defense. *See White*, 887 F.2d at 270. When the defendant indicates his intent to rely on such a defense, therefore, it is necessarily with the understanding that the privilege will be waived for communications supporting and undermining the defense, and there is no reason to withhold disclosure of any relevant materials from the Government thereafter. For this reason, courts that have ordered pretrial notice of the advice-of-counsel defense have also ordered disclosure. *See* ECF No. 98 at 4 (citing cases). Notice without disclosure is meaningless and runs a substantial risk of disrupting the pretrial and trial schedule.

Moreover, fairness and efficiency require that disclosure be provided along with the notice. The defendant concedes that pretrial disclosure will promote efficiency, ECF No. 112 at 9, and that "the records and witnesses relevant to this issue are 'potentially extensive,'" *id.* at 11. For these reasons and those set forth in detail in the Government's initial motion, ECF. No. 98 at 11-14, the advice-of-counsel defense is likely to require additional investigation, discovery, and pretrial litigation. Because any such defense likely will involve multiple lawyers, arise in opening statements and the Government's case-in-chief, and require decisions regarding the scope of the defense and admissibility of evidence, it is essential that disclosure occur at the time that the defendant provides notice of the defense. If the defendant notices such a defense, there is good reason to question its viability, especially because in the time since the Government filed its motion three charged co-defendant attorneys pleaded guilty to committing crimes in connection with the

2020 election.[1]  *See United States v. West*, 392 F.3d 450, 456-57 (D.C. Cir. 2004) ("The defense of advice of counsel necessarily fails where counsel acts as an accomplice to the crime.").  At the very least, those guilty pleas highlight the complications that may arise if the defendant should assert an advice-of-counsel defense and underscore the need to resolve all issues well before the start of trial.  If disclosure is delayed, it may result in disruption to the trial schedule.

The defendant contends that certain reciprocal discovery should be required if he is to make his own disclosure.  *See* ECF No. 112 at 11-12.  The Government has already provided what the defendant now seeks.  For example, the defendant demands the production of privilege logs showing documents withheld by witnesses under a claim of privilege attributable to the defendant or his campaign, *see* ECF No. 112 at 11, but the Government already has provided them.[2]  Next, the defendant demands materials that the Government does not have.  For instance, he asks the Government to identify any "materials within their discovery production that they assert are attorney-client privileged information."  ECF No. 112 at 11.  But if the material were privileged as to the defendant, the Government would not possess it.  To the extent the defendant believes that the Government is in possession of additional discovery materials that could bear on this issue, the Government has repeatedly advised counsel that it is willing to confer on such requests.  And with respect to further investigation that the Government might pursue to rebut an advice-of-counsel defense, *see* ECF No. 112 at 9 n.6, the Government recognizes its continuing discovery obligations under Rule 16, *Brady*, *Giglio*, and the Jencks Act.

---

[1]  https://www.ajc.com/politics/fourth-defendant-negotiates-plea-deal-with-fulton-prosecutors/S3SO4MZ3MBGCJD6YD47ZE4MYQE/

[2] Earlier today, the Government sent the defendant a discovery letter directing him to these materials in the Government's previous discovery productions, including custodians, Bates numbers, and dates of production.  The transmittal also provides a few additional privilege logs that the Government identified in the course of its quality control review of its holdings.

In a footnote on the final page of his response, ECF No. 112 at 13 n.7, the defendant suggests that he may seek to obtain the benefit of an advice-of-counsel defense without actually invoking it, without disclosing the relevant evidence in his possession ahead of time, and without waiving his privilege so that the Government can challenge the validity of the defense. The Court should reject his attempt to circumvent the requirements and costs associated with the assertion of this affirmative defense and make clear that a decision to forego an advice-of-counsel defense will place limitations on the defendant's use of certain evidence and arguments at trial. *See White*, 887 F.2d at 270; *United States v. Gray-Burriss*, 920 F.3d 61, 66 (D.C. Cir. 2019); *Rhodes*, 22-cr-15, ECF No. 318 at 3 ("The court may preclude a defendant from asserting an advice-of-counsel defense if they fail to provide the notice required by this Order.").[3] The defendant's proposed end-run around the appropriate process associated with the advice-of-counsel defense is unsupported and would create a substantial risk of disruption during trial.

### III.   Conclusion

The Court should not allow the defendant to withhold formal notice of his already-announced affirmative defense until January and then proceed to withhold related and required discovery for several additional weeks. To prevent disruption and delay, the Court should exercise its discretion to require the defendant to provide notice of his intent to advance an advice-of-counsel defense, and related discovery, on December 18, 2023.

---

[3] To the extent the defendant suggests that he can support an advice-of-counsel defense without waiving the privilege and disclosing information that undermines it, simply by limiting his exhibits to anything in the "prosecution's productions of attorney communications," ECF No. 112 at 13—which includes communications obtained by court order requiring the production of material claimed to be privileged, and which may far exceed any evidence introduced in the Government's case-in-chief—no cited case supports such a theory.

                Respectfully submitted,

                JACK SMITH
                Special Counsel

By:   /s/Thomas P. Windom
       Molly Gaston
       Thomas P. Windom
       Senior Assistant Special Counsels
       950 Pennsylvania Avenue NW
       Room B-206
       Washington, D.C. 20530