# EXHIBIT 1



**U.S. Attorney's Office for the District of Columbia**
Criminal Division
*Public Corruption & Civil Rights Section*

November 12, 2020

The Honorable William P. Barr
United States Attorney General
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001

Dear Mr. Attorney General:

We currently serve in the Public Corruption and Civil Rights Section (PCCR) in the United States Attorney's Office for the District of Columbia. We share responsibility for enforcing federal criminal election law in this jurisdiction and are alumni of the Justice Department's Criminal Division. The views expressed below are our own.

We write to voice our support for the nonpartisan career prosecutors in the Public Integrity Section (PIN), especially former Election Crimes Branch (ECB) Director Richard Pilger, whose faithful administration of the Department's longstanding policy of non-interference in elections has, for decades, protected the institution from the appearance of political partisanship and afforded field offices like ours the credibility necessary to enforce federal criminal election law. In particular, for nearly 30 years, Mr. Pilger has served the Department selflessly and honorably, exhibiting unimpeachable integrity and evenhandedness. We, along with scores of other career prosecutors fortunate enough to have worked with him, were demoralized by his need to resign as ECB Director a courageous act signaling that the Department has strayed from institutional norms ensuring independence from inappropriate political influence.

Specifically, we believe that your November 9, 2020, memorandum, "Post-Voting Election Irregularities Inquiries" (the Memorandum), in which you altered the Department's longstanding non-interference policy, eradicates the Department's guardrails against improper political influence. The process leading to the Memorandum which prompted Mr. Pilger's resignation along with its timing and the apparent elimination of the policy requiring United States Attorneys to consult PIN before initiating ballot fraud investigations, erode public confidence in the Department's independence and impartiality, and hinder our ability to protect the nation's electoral system from criminal interference.

First, the process by which you changed the non-interference policy diminishes the public's confidence in the Department's political neutrality with respect to federal criminal election law enforcement. We are informed that PIN, whose career prosecutors are charged with overseeing the Department's enforcement efforts, was not consulted on your post-election decision to change the policy nor consulted on the Memorandum itself. Such a process violates the norms respecting

0569

Document ID: 0.7.3493.36834-000001

deference to career officials in such a sensitive and highly scrutinized area of the law and deteriorates the credibility of any policy change.

Second, the timing of your decision to change the non-interference policy inappropriately injects the Department and its field offices into a political thicket. You issued the Memorandum within days of a polarizing election, during a time in which false allegations of widespread voter fraud are running rampant and risk undermining confidence in the election's outcome. Your abrupt decision to revise the 40-year-old non-interference policy lends the Department's imprimatur to conspiracy theories and counterfactual balloting fraud allegations that risk permanent damage to the integrity of the election process, and the timing gives the unseemly appearance that the Department's motives arise from political partisanship.

Finally, your Memorandum apparently eliminates the written policy requiring that United States Attorneys consult with career prosecutors in PIN prior to launching ballot fraud investigations during an election period, *see* Justice Manual, § 9-85.210, thus silencing PIN's expert and nonpartisan voice in any discussion of whether such an investigation is warranted. As your Memorandum points out, PIN often advises the field that whenever possible, overt investigation of ballot fraud allegations should be delayed until after an election is concluded, the results are certified, and recounts are exhausted. *See also* Federal Prosecution of Election Offenses (Dec. 2017, 8th Ed.) at 84-85. You raise the concern that "[s]uch a passive and delayed enforcement approach can result in situations in which election misconduct cannot realistically be rectified." While we are unaware of any such instance, the very purpose of the consultation requirement is that in such a case, a United States Attorney contemplating a ballot fraud investigation would discuss the unique facts and circumstances with nonpartisan career experts in PIN to determine whether immediate overt steps are necessary and appropriate. In so doing, the Department and United States Attorney involved would avoid the appearance of improperly launching political investigations aimed at affecting the outcome of an election, and bolster public confidence in the Department's integrity. Your apparent decision to eliminate the consultation requirement and leave such decisions in the hands of politically appointed United States Attorneys does the opposite.

The process by which you reached your decision to issue the Memorandum, coupled with its timing and the apparent elimination of the investigative consultation requirement with PIN, undermine the Department's commitment to non-interference in elections and constitute a grave threat to the Department's status as an independent and nonpartisan institution. The collateral damage it has already inflicted  including the resignation of Mr. Pilger, turmoil within the ranks of career nonpartisan prosecutors, and the pall it risks casting over the integrity of the 2020 election  will be felt by this Department beyond your tenure as Attorney General. But you have the opportunity to mend that damage: we urge you to rescind your November 9, 2020, Memorandum, affirm the requirement that United States Attorneys consult PIN before opening ballot fraud investigations, and restore the full scope of the Justice Department's longstanding non-interference policy.

Document ID: 0.7.3493.36834-000001

Sincerely,

*J.P. Cooney*
J.P. Cooney
Chief, PCCR
(Criminal Division/PIN, 2012-2018)

*Liz Aloi*
Liz Aloi
Assistant United States Attorney, PCCR
District Election Officer/Election Fraud Coordinator
(Criminal Division, 2012-2018)

*Molly Gaston*
Molly Gaston
Assistant United States Attorney, PCCR
Political Corruption Coordinator
(Criminal Division/PIN, 2016-2018)

Copies to:

Richard Donoghue
Principal Associate Deputy Attorney General

Michael R. Sherwin
Acting United States Attorney, District of Columbia

Brian C. Rabbit
Acting Assistant Attorney General, Criminal Division

Kevin Driscoll
Deputy Assistant Attorney General, Criminal Division

Corey R. Amundson
Chief, Public Integrity Section

Robert J. Heberle
Deputy Chief, Public Integrity Section; Acting Director, Election Crimes Branch

Richard C. Pilger
Trial Attorney, Public Integrity Section

3