# EXHIBIT 2

<u>**LAURO & SINGER**</u>
FLORIDA ♦ NEW YORK

**FLORIDA**
400 N. Tampa Street
15th Floor
Tampa, Florida 33602
P. 813.222.8990
F. 813.222.8991

1101 Brickell Avenue
South Tower, 8th Floor
Miami, FL 33131
P. 813.222.8990

**NEW YORK**
250 E. 53rd Street
Suite 1701
New York, New York 10022
P. 646.746.8659

WWW.LAUROSINGER.COM

October 23, 2023

**<u>Via Email:</u>** MGG@usdoj.gov; TPW@usdoj.gov

Molly Gaston
Thomas P. Windom
Senior Assistant Special Counsels
950 Pennsylvania Avenue NW
Room B-206
Washington, D.C. 20530

  **Re:**   <u>**United States v. Donald J. Trump, No. 23 Cr. 257 (TSC)**</u>

Dear Ms. Gaston and Mr. Windom:

  We write on behalf of President Trump, to request that your office produce the following discovery pursuant to Rule 16(a)(1)(E), *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Agurs,* 427 U.S. 97 (1976), *Giglio v. United States*, 405 U.S. 150 (1972) and their progeny; and the Fifth and Sixth Amendments to the United States Constitution. Simply pointing to the voluminous discovery produced as satisfaction of your constitutional obligations is not sufficient. In furtherance of your offer "to exceed [your] discovery obligations" and "provide substantial assistance to aid the Defendant's review" (doc. 23 at 4), we request that you specifically search for and produce discovery responsive to the following discrete requests.

**I. Background**

  Each of the Requests set forth below calls for production of documents irrespective of their classification level. As used herein, the term "documents" includes (i) all communications, including memoranda, reports, letters, notes, emails, text messages, and other electronic communications; (ii) hard copies and electronically stored information, whether written, printed, or typed; and (iii) all drafts and copies.

  As used herein, the term "foreign influence" is broader than the definition of the term "foreign interference" in Executive Order 13848 and includes any overt or covert effort by foreign governments and non-state actors, as well as agents and associates of foreign governments and non-state actors, intended to affect directly or indirectly a US person or policy or process of any federal, state, or local government actor or agency in the United States.

The Requests call for specified documents in the possession of the prosecution team, as we defined that term in our October 15, 2023 letter to you.

## II.     Requests

1. Please provide all documents regarding informants, cooperators, undercover agents, representatives, or anyone acting in a similar capacity on behalf of or at the behest of the Department of Justice or any law enforcement agency (including state or District of Columbia) who was present at or within five miles of the United States Capitol on January 6, 2021.

2. Please provide all documents regarding informants, cooperators, undercover agents, representatives, or anyone acting in a similar capacity on behalf of or at the behest of the Department of Justice or any law enforcement agency (including state or District of Columbia) who were involved in the assistance, planning, or encouragement of any activities related to the protest, breach, or trespassing of the United States Capitol on January 6, 2021.

3. Please identify all consideration or things of value given to or on behalf of each person present at or involved in any activities related to the protest, breach, or trespassing of the United States Capitol on January 6, 2021.

4. Please provide all documents regarding requests for security, National Guard, or any law enforcement presence related to the Ellipse rally or any other protest or demonstration within Washington D.C. on January 6, 2021.

5. Please provide all documents regarding the use of alternate electors in prior elections, including documents regarding any investigations relating to alternate electors.

6. Please provide all documents regarding State Legislature involvement, approval, or acquiescence to alternate electors in any election.

7. Please provide all legal opinions considered by State Legislatures regarding alternate electors in any election.

8. Please provide all documents relating to investigations relating to fraud, interference (including but not limited to foreign interference), or irregularities during the 2020 election, including but not limited to documents relating to:

    a. The issues alleged in paragraphs 12(a) – 12(f) of the Indictment;

    b. The election security and integrity risks arising from the cyberattack and data breach relating to SolarWinds, Microsoft, and VMWare in or about 2020;

    c. Dominion Voting Systems and its voting-system products, including ballot-marking devices, precinct-count optical scanners, central count optical scanners, any other ballot scanners, and all versions of the Dominion Democracy Suite voting system;

    d.  The Russian advanced persistent threat actor activity "targeting various U.S. state, local, territorial, and tribal (SLTT) government networks," including activities that pose "risk to elections information housed on SLTT networks" (SCO-07608691);

    e.  The Iranian advanced persistent threat actor activity "targeting U.S. state websites," "to include election websites" (SCO-06616206);

    f.  Documents prepared by, or relating to, Allied Security Group's election-related investigative work and analysis.

    g.  Documents related to the investigation of GBI Strategies or other investigations of possible nationwide voter registration fraud;

    h.  Documents related to the December 23, 2020 request by Corey Ellis of the Executive Office for United States Attorneys for identification of any "recently opened (in the past 90 days) Election related fraud matter" (SCO-12665132), including all communications and submissions in response to the request;

    i.  Documents related to the investigation of voting anomalies or irregularities in the 2020 election, including, but not limited to, the total number of votes exceeding past elections either nationally or in particular states or localities, the total votes exceeding support for one candidate compared to past elections, significant or late shifts in voting totals toward one candidate, signature verification, ballots sent out without requests, ballot harvesting, and any other quantitative or qualitative anomalies or irregularities in the 2020 election compared to past elections.

    j.  Documents provided to President Trump and/or his advisors between November 3, 2020, and January 6, 2021, suggesting fraud, irregularities, or anomalies in any State election.

    k.  Documents regarding changes or amendments to State election statutes, rules, guidelines, or policies prior to or after the 2020 election, including any documents reflecting analysis, views, positions, or opinions by personnel from DOJ or the Special Counsel's Office regarding the propriety or legislative approval for such changes or amendments.

    l.  Documents regarding activities or responses by State Legislatures following the 2020 election to investigate or address voting anomalies or irregularities, including changes or amendments to State election statutes, rules, guidelines, or policies.

  9.  Please provide all documents relating to assessments of potential fraud, interference, or irregularities during the 2020 election.

10. Please provide all documents relating to complaints or concerns by any prosecutor from DOJ, the Special Counsel's Office, or any federal law enforcement agent relating to the conduct of the investigations of President Trump, the 2020 election, or President Biden.

11. Please provide all documents related to views and opinions expressed by Department of Justice personnel, including from the Public Integrity Section and National Security Division, discouraging, disagreeing with, or resisting investigations of election fraud, interference (including foreign interference), anomalies, or irregularities related to the 2020 election.

12. Please provide all documents related to or reflecting decisions by the Department of Justice, federal law enforcement, state law enforcement, election officials, or other government officials declining or refusing a review or investigation of election fraud, interference (including foreign interference), anomalies, or irregularities related to the 2020 election.

13. Please provide all documents that the Special Counsel's Office will rely upon at trial to argue that there was no fraud in the 2020 election.

14. Please provide all documents indicating the acceptance of non-outcome determinative fraud within federal or state government elections.

15. Please provide all documents defining "outcome determinative fraud."

16. Please provide all documents authored or reviewed by attorneys that support the legality of any action alleged in the Indictment.

17. Please provide all audits of election results, vote tabulation, vote submission, or related election activities performed by State governments named in the Indictment.

18. Please provide all statutes, rules, or policies regarding election audit procedures of the States named in the Indictment.

19. Please provide all documents regarding any assessments of the opportunity or lack of opportunity for fraud or foreign interference in the 2020 election.

20. Please provide all documents regarding State Legislature disagreement with any court decisions regarding the 2020 election.

21. Please provide all documents regarding audits, checks, inspections, or reviews to ensure the integrity of mail-in ballots and their compliance with state laws and regulations.

22. Please provide all documents regarding the compromise, diminishment, or lowering of the standards for mail-in ballots and their compliance with state laws and regulations related to the 2020 election.

23. Please provide all documents reflecting legal opinions relating to mail-in ballots.

24. Please provide all documents, including communications, memorandums, and opinions (whether formal written opinions, drafts thereto, or informal analyses), of the Department of Justice Office of Legal Counsel concerning the Electoral Count Act, election fraud, any litigation related to the 2020 election, or any advice provided directly or indirectly to any Executive Branch official concerning the outcome of the 2020 election.

25. Please identify all Capitol Police Officers present at the Capitol on January 6, 2021, and provide all interview notes (including rough notes), statements, recordings, or memoranda of those Capitol Police Officers. If any interviews were not memorialized, please explain why that was not done.

26. The discovery contains some FBI 302s for investigations related to events at the Capitol on January 6, 2021. Please provide all FBI 302s, reports (including FD-1057s), and other memoranda for those investigations, including investigations relating to foreign interference and efforts by foreign actors to support and exacerbate events at the Capitol on January 6, 2021. If the reports or memoranda are not available, please explain why.

27. All exhibits, including audio, software, or video files, referenced during any grand jury testimony or presentation.

28. Please provide all documents relating to potential mishandling of classified information by Mike Pence and any other potential witness in this case.

29. Please provide all documents—including drafts and communications regarding revisions, and source materials—relating to the November 12, 2020 "Joint Statement from Elections Infrastructure Government Coordinating Council & the Election Infrastructure Sector Coordinating Executive Committees" by CISA and others.

30. Please provide all documents—including drafts and communications regarding revisions, and source materials—relating to the unclassified version of the Intelligence Community Assessment titled "Foreign Threats to the 2020 US Federal Elections" (SCO-00723593), including the "Minority View" reflected in the Assessment.

31. Please provide all documents—including drafts and communications regarding revisions, and source materials—relating to the DOJ-DHS Joint Report on "Foreign Interference Targeting Election Infrastructure or Political Organization, Campaign, or Candidate Infrastructure Related to the 2020 US Federal Elections" (SCO-03668448), including:

    a. The "FBI forensic analyses; CISA cyber incident response activities, risk analysis, and stakeholder information; IC reporting; and open-source reporting" referenced in the report (SCO-03668449);

    b. All documents relating to the "[b]road Russian and Iranian campaigns" referenced in the report (SCO-03668450);

    c. All documents relating to "Iranian claims that sought to undermine the public's confidence in the US election infrastructure" (SCO-03668450);

    d. All documents relating to "incidents when Russian, Chinese, and Iranian government-affiliated actors materially impacted the security of networks associated with or pertaining to US political organizations, candidates, and campaigns during 2020 federal elections" (SCO-03668450); and

    e. Documents relating to "claims" that Venezuela, Cuba, and China "owned, directed, or controlled election infrastructure used in the 2020 federal elections."

  32. With respect to the December 16, 2022 interview of John Ratcliffe, please provide:

    a. The "50-page report" referenced during the interview (SCO-11542960 at 27);

    b. All documents relating to the "whistleblower" referenced during the interview (*id.* at 76, 88);

    c. The "email or memo to file" referenced during the interview (*id.* at 126);

    d. The documents that Mr. Ratcliffe "reviewed" at ODNI "on May 14" of 2023 (*id.* at 48; *see also id.* at 174 ("when I received the documents at ODNI")).

  33. All documents relating to unauthorized and/or improper querying of FISA databases in connection with the investigation of events in the vicinity of Washington, D.C. on January 6, 2021. *See* FISC Order at 29 (Apr. 21, 2022) ("The queries were run against unminimized Section 702 information to find evidence of possible foreign influence . . . ."), *available at* https://www.intelligence.gov/assets/documents/702%20Documents/declassified/21/ 2021_FISC_Certification_Opinion.pdf.

  34. Please provide an unredacted copy of the document bearing production number SCO-04798336.

  35. Please identify the custodian of the folders depicted in photographs in and around production number SCO-04798357.

  36. Please provide all documents reflecting or relating to communications between any component of DOJ's Criminal Division and DOJ's Office of the Inspector General concerning President Trump, Jeffrey Clark, or the 2020 election.

37. Please provide all documents reflecting or relating to communications between the National Archives and Records Administration ("NARA") and either the Special Counsel's Office, DOJ, or White House Counsel, including:

    a. Communications between NARA and component(s) of DOJ responsible for investigating election-related crimes; and

    b. All documents relating to the Executive Privilege and the Presidential Records Act.

38. Please provide all documents reflecting or relating to communications regarding the 2020 election or President Trump between the U.S. Postal Inspector's Office, including Timothy Heaphy, and DOJ or the Special Counsel's Office.

39. Please provide all documents relating to the "referrals" referenced by Lisa Monaco during an interview on or about January 25, 2022.

40. Please provide all documents relating to the March 2021 "60 Minutes" interview of Michael Sherwin, including all documents relating to investigations of potential violations of applicable rules, policies, or procedures resulting from Mr. Sherwin's participation in the interview.

41. Please provide all documents relating to communications between the Special Counsel's Office and the United States House Select Committee on the January 6 Attack, established by H. Res. 503, 117th Cong. (2021) (the "House Select Committee").

42. Please provide all documents related to the loss, destruction, and lack of retention of any documents or evidence by the Office of the Special Counsel, the Department of Justice, the White House, or the House Select Committee, related to events at the U.S. Capitol on January 6, 2021.

43. Please provide all documents relating to communications or coordination by the Special Counsel's Office and DOJ with any of the Biden Administration, the Biden Campaign, Hunter Biden, the Biden family, the Biden White House, or any person representing Joe Biden.

44. Please provide all documents regarding Department of Justice policy regarding a prosecutor or special counsel signing or executing an indictment or other official records without having fully or properly executed the oath of office.

45. Please provide all documents referenced by General Mark Milley at pages 10 and 169 of the transcript of his November 17, 2021 testimony before the House Select Committee.

46. Please provide all documents relating to briefings provided to President Trump regarding:

      a.      Election security issues, prior to or after the 2020 election; or

      b.      Any sort of foreign influence efforts by foreign state or non-state actors, including but not limited to briefing summaries reflected in emails involving Beth Sanner and Edward Gistaro.

47.      Please provide all documents relating to President Trump's daily schedule for the period from October 1, 2020 through January 20, 2021, including scheduling materials, itineraries, and summaries of President Trump's activities, including all "Daily Diary" documents (*E.g.*, SCO-02294198), and all communications involving the Office of Presidential Scheduling (using, for example, the email address scheduling@who.eop.gov).

48.      Please provide all emails involving Beth Sanner or Edward Gistaro.

49.      Please provide all rough notes, working papers, recordings, reports, and statements of law enforcement agents or officers pertaining to this or related investigations.

50.      Please identify any statements by any witness, prospective witness, or non-witness declarant that the prosecution team knows or should know are false.

51.      Please identify statements made by any law enforcement official to any witness, prospective witness, or non-witness declarant suggesting that any member of the prosecution team tended to doubt the individual's credibility or the veracity of statements he or she has made that is relevant to the allegations in the indictment.

52.      Please provide all information not otherwise requested that might potentially reflect either the motivation of a witness, prospective witness, or non-witness declarant to favor the government or be biased against President Trump.

53.      Please provide all prior statements, communications, or testimony by FBI Special Agent Jamie Garman related to President Trump.

54.      Please provide Agent Garman's personnel file.

55.      Please provide all documents reflecting statements by any member of the prosecution team indicating an intent or effort to stop or hinder President Trump from becoming President of the United States.

56.      We have found many redacted documents in the discovery production. There are likely many more because we cannot search for redactions. For each of these redactions, please explain why the document was redacted and provide the complete document.

57.      Please identify any documents within the discovery production that have been edited or altered from their original content or format.

58.     Please confirm that you have conducted a case-file review consistent with Justice Manual § 9-5.002.

59.     Please confirm that your review of materials potentially subject to the Jencks Act and *Giglio* has included all electronic facilities used by each witness, including both classified and unclassified email accounts, classified and unclassified chat and messaging programs, personal email accounts, personal phones, and personal messaging apps.

We expect to submit additional questions and requests on a rolling basis. Please let us know if you would like to discuss any of these issues.

Respectfully Submitted,

*/s/ John Lauro*

John F. Lauro
Gregory M. Singer
Filzah I. Pavalon
LAURO & SINGER

Todd Blanche
Emil Bove
Stephen Weiss
BLANCHE LAW PLLC

*Attorneys for President Donald J. Trump*