# EXHIBIT A



TODD BLANCHE
Todd.Blanche@blanchelaw.com
(212) 716-1250

October 6, 2023

<u>Via Email</u>
Molley Gaston
Thomas Windom
Senior Assistant Special Counsels
950 Pennsylvania Avenue NW
Room B-206
Washington, D.C. 20530

  Re: <u>United States v. Donald J. Trump, No. 23 Cr. 257 (TSC)</u>

Dear Ms. Gaston and Mr. Windom:

  We write on behalf of President Trump, pursuant to Rule 16, *Brady*, and *Giglio*, with questions regarding "Document 1" and "Document 5" from your September 26, 2023 production. Our review of your productions is ongoing. We expect to submit additional questions and requests on a rolling basis, including, for example, relating to the issues we raised in our October 5, 2023 reply submission. (Dkt. No. 76).

  1. We agree with your suggestion that the unclassified portions of Document 1 must be produced in unclassified discovery, particularly in light of the fact that Mr. Lauro and Mr. Singer have not been granted security clearances at this time. (*See* Dkt. No. 65 at 5 n.1). Please let us know when you will make those unclassified materials available to us.

  2. We seek additional information regarding the restricted-handling procedures and the redactions to "Document 5" from the September 26 production.

  Regarding handling, consistent with your production letter, we have only been granted read-and-return access to Document 5. The CISO is requiring that any notes relating to the substance of Document 5 be handled in the same fashion, and we have not been provided with access to a laptop that is cleared for the preparation of submissions to you or the Court regarding the substance of Document 5. These restrictions are hindering our ability to prepare discovery correspondence and motions, and to conduct necessary defense investigation. Relatedly, we do not believe that the Court and its staff currently have access to a facility where Document 5 can be reviewed and discussed, or devices that could be used to compose orders and opinions regarding the substance of Document 5. The restrictions will therefore hinder the Court's ability to address any disputes we have over Document 5. In light of the expedited case schedule that you have insisted on pursuing, please explain why these restrictions are necessary.

  Regarding redactions, we seek additional information regarding the basis for withholding the redacted information and the procedure used to do so. We understand that the redactions were requested by one or more of the agencies with equities in Document 5, and that the redactions were

October 6, 2023
Page 2

authorized unilaterally by the Special Counsel's Office.  In the Southern District of Florida, the Office has indicated that it will rely on CIPA § 4 to seek court approval to redact information from classified documents produced in discovery.  (SDFL Dkt. No. 165 at 4).  We believe that is the necessary and appropriate procedure, including with respect to Document 5 in this case.

At the risk of stating the obvious, we believe the redactions to Document 5 are inconsistent with your discovery obligations.  Please identify and confirm the individuals and entities that requested the redactions, the individual at the Special Counsel's Office who authorized the redactions, and the legal basis relied upon to apply the redactions, which are hindering our review of discovery and causing ongoing prejudice to President Trump.

Please let us know if you would like to discuss any of these issues.

Respectfully Submitted,

*/s/ Todd Blanche*
Todd Blanche
Emil Bove
Stephen Weiss
Blanche Law PLLC

John F. Lauro
Gregory M. Singer
Lauro & Singer

*Attorneys for Donald J. Trump*

Blanche Law PLLC
99 Wall Street, Suite 4460 | New York, NY 10005
(212) 716-1250 | www.BlancheLaw.com