# EXHIBIT F

(Redacted)



**U.S. Department of Justice**

Special Counsel's Office

---

November 25, 2023

Todd Blanche, Esq. (*via email*: toddblanche@blanchelaw.com)
Blanche Law
99 Wall Street, Suite 4460
New York, NY 10005

John Lauro, Esq. (*via email:* jlauro@laurosinger.com)
Lauro and Singer
Bank of America Plaza
101 Kennedy Boulevard, Suite 3100
Tampa, FL 33602

Re:    *United States v. Donald J. Trump*, Case No. 23-cr-257 (TSC)

Dear Counsel:

We write in response to your discovery letter dated November 15, 2023, and to follow up on our meet-and-confer discussion on November 21.

As an initial matter, during that discussion, you clarified that your questions about the scope of the prosecution team concerned documents available to you as a result of the defendant's case in the Southern District of Florida, as well as which law enforcement agencies worked on the investigation leading to this case. First, as we stated in our discovery letter of August 28, we produced witness statements (grand jury or interview) given by witnesses in the investigation leading to your client's criminal case in the Southern District of Florida, where the witness also was interviewed or testified in the investigation underlying this case. *See, e.g.*, CDI Witness Interviews, SCO-11623400 through SCO-11630313. If you believe that there are other records in the Southern District of Florida case that may be discoverable in this case, we welcome further discussion. For example, we respond below to the issue you raised with respect to a document that you characterized as related to Mike Pence. Second, law enforcement agencies that worked on the investigation leading to this case were the Federal Bureau of Investigation; the Department of Justice Office of the Inspector General (DOJ OIG); the National Archives Inspector General (NARA OIG); and the United States Postal Inspection Service (USPIS).

Turning next to the enumerated questions in your letter, we provide specific responses below. The Bates numbers identified below are examples of ranges that contain documents responsive to your requests; they are not an exhaustive list of where in the productions responsive material may be located. Moreover, to the extent that we produce or have produced information that is responsive to your discovery requests, that production does not imply that we concede the information's discoverability or obligate us to make any additional productions that exceed our existing discovery obligations.

Request 1. This question asked for additional responses to your letter of October 23, 2023. As a follow-up to our meet-and-confer discussion, we provide below some additional responses.

- Regarding Request 8b, you maintained your claim that information regarding the SolarWinds cyberattack is relevant to this case. We disagree.

- Regarding Request 14, you clarified that you were asking whether the Government was withholding as non-discoverable evidence of election fraud that was non-outcome determinative. We have not withheld evidence of election fraud in our possession.

- Regarding requests 19 and 29-32, you indicated during the course of our meet-and-confer call that these requests support the defense theories set forth in your CIPA Section 5 Notice. Accordingly, we refer you to the Government's Motion to Strike Defendant's CIPA Section 5 Notice, filed on November 9, 2023, regarding our position on the relevance and discoverability of these materials.

- Regarding Request 20, you stated that you believe it would be relevant to this case if a state legislator disagreed with state level judicial rulings on election matters. We disagree, but in any event, are not withholding any such material in our possession.

- Regarding Request 23, you stated that you are seeking any legal opinions regarding the validity of, or challenges to, mail-in ballots written by outside attorneys, external organizations, or civil servants. To the extent that we possess information reflecting opinions regarding mail-in ballots, we have produced it to you.

- 

- Requests 33, 40, 42, 43, and 44 seek information that exceeds the scope of our discovery obligations, is not within the possession of the prosecution team, and/or does not exist.

- Request 48 seeks Jencks material for Beth Sanner or Edward Gistaro. If we determine that we are calling either individual as a witness, we will provide you with discoverable emails by either individual that relate to the subject matter of his/her testimony.

- As we stated during our meet and confer, regarding Requests 54, 55, 58, and 59, we understand our discovery obligations and will continue to meet them.

Next, your November 15 discovery letter made a large number of requests related to January 6. Below, we respond on a question-by-question basis, but as an initial matter, we remind you that, as we stated in our first discovery letter on August 11, the United States Attorney's Office

for the District of Columbia ("USAO") maintains a separate database of materials comprising discovery in criminal cases related to the breach of the Capitol on January 6, 2021.  As we advised you, in the course of our investigation, we accessed certain materials within that database, took into our possession certain materials that we may rely upon or use at trial, and produced them to you in discovery in our case.  In our August 11 letter, we also offered to facilitate your access to the USAO database.  We reiterate that offer now.

Request 2.  ████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████

Request 3.  In our meet and confer, you made clear that this request pertains to any and all intelligence relating to the defendant's Ellipse event and the January 6 attack on the Capitol, regardless of whether the defendant or his staff knew of it.  This request seeks information that exceeds the scope of the Government's discovery obligations and/or is not within the possession of the prosecution team.  However, to the extent that there is such information in the materials that we gathered from sources such as the United States Secret Service or United States House of Representatives Select Committee to Investigate the January 6th Attack on the United States Capitol ("House Select Committee"), we have produced it to you.

Request 4.  We produced interview reports and transcripts of law enforcement officers whom we interviewed relating to the defendant's Ellipse event and the January 6 attack on the Capitol.  ████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
██████████████████████████████████████████

| | |
|---|---|
| ████████████████ | ████████████████████ |
| ███████████████ | ████████████████████ |
| | ████████████████████ |
| | ████████████████████ |
| ████████████████ | ████████████████████ |
| ██████████████ | ████████████████████ |
| | ████████████████████ |
| █████████████ | ████████████████████ |
| █████████████ | ████████████████████ |
| ████████████████ | ████████████████████ |
| | ████████████████████ |
| | ████████████████████ |
| ████████████████ | ████████████████████ |
| ████████████████ | ████████████████████ |

Requests 5-7, 9-11, 28, 30-33.  These requests seek information that exceeds the scope of the Government's discovery obligations, is not within the possession of the prosecution team, and/or does not exist.  However, to the extent that there is such information in the materials that we gathered from sources such as the United States Secret Service or House Select Committee, we have produced it to you.

Requests 8, 14.  We refer you to the Government's Motion to Strike Defendant's CIPA Section 5 Notice, filed on November 9, 2023, regarding our position on the relevance and discoverability of these materials.

Request 12.  This request seeks information that exceeds the scope of the Government's discovery obligations and/or is not within the possession of the prosecution team.  Nonetheless, certain responsive information may be found within the prior productions, including SCO-11949602 through SCO-11960071 and SCO-03649872 through SCO-03650883.

Request 13.  Certain responsive information may be found within the prior productions, including Production 06B, 08C, 10D, and 11D.  We will identify trial exhibits by the Court's deadline of December 18.  *See* ECF No. 39 ¶ 8.

Requests 15-19, 34-36.  All of these requests—regarding the pipe bomb investigation, offers of immunity to January 6 defendants, "Antifa," sources, and various named and unnamed January 6 offenders—appear to be focused on others' actions related to the January 6 attack on the Capitol.  Many of them request information that exceeds the scope of our discovery obligations and/or is not within the possession of the prosecution team.  To the extent that we possess any such materials, we have produced them to you.  Relatedly, in our meet and confer, you stated that you believe that in certain other cases, the Department of Justice has taken a position inconsistent with the indictment's allegations that the defendant is responsible for the events of January 6.  We disagree.  The Department's position in other January 6 cases that the defendant's actions did not absolve any individual rioter of responsibility for that rioter's actions—even if the rioter took them at the defendant's direction—is in no way inconsistent with the indictment's allegations here.

Request 20.  This request seeks information that exceeds the scope of our discovery obligations and/or is not within the possession of the prosecution team.

Request 21.  ██████████████████████████████████████████
████████████████████████

Request 22.  During the meet-and-confer call, you suggested that this request concerned a Black Lives Matter protest that occurred on December 20, 2020.  In order to respond to this request, we need additional information about the protest you are referencing.

Requests 23-25.  These requests seek information that exceeds the scope of the Government's discovery obligations and/or is not within the possession of the prosecution team. Nonetheless, certain responsive information may be found within the prior productions, including SCO-00686197 through SCO-00686203, produced in Production 01C.

Request 26.  This request seeks information that exceeds the scope of the Government's discovery obligations and/or is not within the possession of the prosecution team.  Nonetheless,

certain responsive information may be found within the prior productions, including SCO-11520764.

Request 27.  This request seeks information that exceeds the scope of the Government's discovery obligations and/or is not within the possession of the prosecution team.  Nonetheless, certain responsive information may be found within the prior productions, including from sources such as the House Select Committee.

Request 29.  We have provided you with extensive evidence supporting the pattern of threats to officials as a result of their roles in the 2020 election—often as a result of the defendant's targeting of them.  For examples, we refer you to ECF No. 47-2.

Request 37.  █████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████

Request 38.  You appear to be requesting Jencks material.  To the extent we have not already produced it, we will comply with our Jencks obligation well in advance of trial.

Lastly, during our meet-and-confer call, you mentioned that there were some technological glitches in previous document productions.  As we stated, and as we previously offered, we will gladly arrange a phone call with our litigation support staff to resolve any such issues.

Respectfully,

JACK L. SMITH
Special Counsel

/s/ Molly Gaston
Molly Gaston
Thomas P. Windom
Senior Assistant Special Counsels