IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

DONALD J. TRUMP,

        *Defendant.*

Case No. 1:23-cr-00257-TSC

**PRESIDENT TRUMP'S OPPOSED MOTION
TO STAY PROCEEDINGS PENDING APPEAL**

President Donald J. Trump respectfully submits this motion for an order enforcing the automatic stay of all district court proceedings in this case pending the final resolution of his recently filed appeal from the Court's December 1, 2023 rulings on, *inter alia*, Presidential immunity and double jeopardy. Docs. 171, 172. The filing of President Trump's notice of appeal has deprived this Court of jurisdiction over this case in its entirety pending resolution of the appeal. *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 738 (2023). Therefore, a stay of all further proceedings is mandatory and automatic. *Id*.

Moreover, last week in *Blassingame v. Trump*, No. 22-5069, 2023 WL 8291481, at *22 (D.C. Cir. Dec. 1, 2023), the D.C. Circuit made clear that official-immunity issues must be resolved prior to litigation and discovery on the merits. Thus, in addition to lack of jurisdiction, *Blassingame* requires the Court to stay *all* proceedings in this matter pending appeal, including, but not limited to, pretrial motions, defense disclosures relating to trial defenses and evidence, CIPA hearings, and jury selection. As a result of these authorities, all current deadlines must be held in abeyance until, at minimum, this motion is resolved. President Trump will proceed based on that understanding and the authorities set forth herein absent further order of the Court.

1

**PROCEDURAL BACKGROUND**

On October 5, 2023, President Trump filed a motion to dismiss the indictment on grounds of Presidential immunity. Doc. 74. On October 23, 2023, President Trump filed a motion to dismiss the indictment on constitutional grounds, including claims based on principles of double jeopardy and the Impeachment Judgment Clause. Doc. 113. On December 1, 2023, the Court issued a memorandum opinion and order denying both motions. Docs. 171, 172. The Court incorrectly denied President Trump's claim of Presidential immunity on the ground that such immunity does not extend to federal criminal prosecution for a President's official acts. *Id.* at 6-31. The Court denied President Trump's double jeopardy claim on the ground that "neither traditional double jeopardy principles nor the Impeachment Judgment Clause provide that a prosecution following impeachment acquittal violates double jeopardy." *Id.* at 38-44.

On December 7, 2023, President Trump filed a timely notice of appeal of this decision. Doc. 177.

**ARGUMENT**

**I.   Proceedings in this Court Are Automatically Stayed Pending Appeal of the Court's Decisions on Presidential Immunity and Double Jeopardy.**

The *Coinbase* and *Blassingame* decisions illustrate that proceedings in this Court must be stayed pending the resolution of President Trump's appeal of the Court's order denying his motions to dismiss, including on grounds of Presidential immunity and double jeopardy principles. Docs. 171, 172. This stay is jurisdictional, mandatory, and automatic.

In *Coinbase*, the Supreme Court considered whether an interlocutory appeal from a denial of a motion to compel arbitration necessitates an automatic stay of proceedings in the district court pending the outcome of the appeal. The Supreme Court held that it does: "The sole question here is whether the district court must stay its pre-trial and trial proceedings while the interlocutory

2

appeal is ongoing. The answer is yes: The district court must stay its proceedings." 599 U.S. at 738.

*Coinbase* reasoned that the automatic stay is a straightforward application of the longstanding principle of *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982), that an interlocutory appeal deprives the district court of jurisdiction to proceed on the matters that are subject to the appeal. *See Bombardier Corp. v. Nat'l R.R. Passenger Corp.*, 2002 WL 31818924, at *1 (D.C. Cir. Dec. 12, 2002) (denying stay motion "as unnecessary . . . . because a non-frivolous appeal from the district court's order divests the district court of jurisdiction over those aspects of the case on appeal"); *DSMC Inc. v. Convera Corp.*, 2002 WL 31741498, at *1 (D.C. Cir. Dec. 6, 2002) (same); *see also United States v. DeFries*, 129 F.3d 1293, 1303 (D.C. Cir. 1997) ("The mandate rule prevents the waste of judicial resources that might result if a district court, prior to the issuance of the appeals court's mandate, proceeds with a case, ruling on motions and hearing evidence, after which the appeals court reverses its original decision on rehearing.").

*Coinbase* acknowledged that the Federal Arbitration Act "does not say whether the district court proceedings must be stayed," but the Court held that the Act was enacted "against a clear background principle prescribed by this Court's precedents: An appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal.'" 599 U.S. at 740 (quoting *Griggs*, 459 U.S. at 58). "That *Griggs* principle reflects a longstanding tenet of American procedure," under which the "filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Id.* This divestiture is mandatory and, therefore, "requires an automatic stay of district court proceedings that relate to any aspect of the case involved in the appeal," absent contrary indications that are not present here. *Id.* at 744.

Applied to the appeal of a motion to compel arbitration, the Supreme Court held that "the entire case is essentially 'involved in the appeal,'" and therefore the entire case must be stayed. This is because the key question in that context was "whether the case belongs in arbitration or instead in the district court." *Id.* (quoting *Griggs*, 459 U.S. at 58).

The exact same holds true here. President Trump has appealed the Court's rulings on his motions to dismiss based on Presidential immunity and principles of double jeopardy. Both issues concern whether this case can be brought at all, meaning "the entire case is essentially 'involved in the appeal." *Id*. at 741 (quoting *Griggs*, 459 U.S. at 58); *see also Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (Presidential immunity is immunity from suit not just immunity from liability). Therefore, "[t]he *Griggs* principle resolves this [Motion]" and requires a stay of all proceedings. *Id*.

Indeed, when a party appeals the denial of a motion to dismiss based on official immunity, the question "whether 'the litigation may go forward in the district court is precisely what the court of appeals must decide.'" *Coinbase*, 599 U.S. at 741 (quoting *Bradford-Scott Data Corp. v. Physician Computer Network, Inc*., 128 F.3d 504, 506 (7th Cir. 1997)). "Here, as elsewhere, it 'makes no sense for trial to go forward while the court of appeals cogitates on whether there should be one.'" *Id.* (quoting *Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989)). "In short, *Griggs* dictates that the district court must stay its proceedings while the interlocutory appeal on [Presidential immunity and double jeopardy principles] is ongoing." *Id.*

*Coinbase* explicitly recognizes this conclusion, citing appeals of official immunity and double jeopardy as uncontroversial circumstances where an automatic stay of proceedings in the district court is required: "In the Circuits that have considered the issue in the analogous contexts of *qualified immunity* and *double jeopardy* . . . district courts likewise must automatically stay their

4

proceedings while the interlocutory appeal is ongoing." *Id.* at 742 (emphasis added). Official immunity and double jeopardy are, of course, the issues at stake in President Trump's interlocutory appeal.

In *Blassingame*, likewise, the D.C. Circuit reinforced the rationales that require a stay pending President Trump's appeal. The Court of Appeals held that factual questions related to the determination of Presidential immunity must be resolved "before any merits-related discovery." 2023 WL 8291481, at *22. That is because "[o]fficial immunity, including the President's official-act immunity, is 'immunity from suit rather than a mere defense to liability.'" *Id.* (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). "Official immunity . . . is 'an entitlement not to stand trial or face the other burdens of litigation.'" *Id.* "And as we have made clear, 'discovery is itself one of the burdens from which defendants are sheltered' by official immunity." *Id.* (quoting *Martin v. D.C. Metro. Police Dep't*, 812 F.2d 1425, 1430 (D.C. Cir. 1987)). "The importance of shielding officials from the burden of unwarranted discovery is among the reasons the Supreme Court has 'repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" *Id.* (quoting *Pearson*, 555 U.S. at 232).

Where, as here, "the official claiming immunity from suit is the President," these concerns are "particularly pronounced." *Id.* (citing *Nixon v. Fitzgerald*, 457 U.S. 731, 749-53 (1982)). Thus, the Court held that "President Trump therefore must be afforded an opportunity to resolve his immunity claim *before merits discovery*." *Id.* (emphasis added). Accordingly, *Blassingame* reinforces both that the entire case is involved in an appeal related to official immunity, and that the stay must extend to all proceedings.

*Coinbase*, *Blassingame*, and *DeFries* thus unequivocally support three conclusions: (1) the stay of district-court proceedings is mandatory, not discretionary; (2) the stay applies in criminal

as well as civil cases; and (3) the stay extends, not just to trial, but to pretrial proceedings as well. *Coinbase* held that "*Griggs* dictates that the district court *must* stay its proceedings while the interlocutory appeal . . . is ongoing." 599 U.S. at 741 (emphasis added). *Coinbase* cited *criminal* cases—notably, double jeopardy cases—as falling within the "*Griggs* principle" that dictates a mandatory stay of proceedings pending appeal. *See id.* at 742 n.4 (citing, *inter alia*, *United States v. Montgomery*, 262 F.3d 233, 239-240 (4th Cir. 2001) (double jeopardy); *United States v. LaMere*, 951 F.2d 1106, 1108 (9th Cir. 1991) (same); *United States v. Grabinski*, 674 F.2d 677, 679 (8th Cir. 1982) (same); and *United States v. Dunbar*, 611 F.2d 985, 988-89 (5th Cir. 1980) (en banc) (same)). *Coinbase* emphasized that the stay extends to both "*pre-trial and trial proceedings*." *Id.* at 743 (emphasis added). Moreover, *Blassingame* reinforced this conclusion by reaffirming that Presidential immunity is immunity from suit, not just immunity from liability, and that questions of immunity should be fully resolved "before any merits discovery." 2023 WL 8291481, at *22.

The prosecution has effectively conceded all three of these points. The prosecution has admitted that the stay is mandatory and applies in criminal cases—it cited a criminal case for the proposition that "while a non-frivolous question of immunity is pending on appeal . . . the party asserting immunity cannot be forced to go to trial." Doc. 142, at 5 (citing *United States v. Brizendine*, 659 F.2d 215, 219 (D.C. Cir. 1981)); *see also id.* at 6 ("While any such non-frivolous appeal is pending, the defendant cannot be required to go to trial"); *id.* at 7 (admitting that "a non-frivolous appeal would temporarily divest this Court of jurisdiction . . . over . . . 'those aspects of the case involved in the appeal'") (quoting *Griggs*, 459 U.S. at 58).[1]  Moreover, though the

---

[1] Casting aside Justice Alito's analysis in *Vance* as if it was entitled to the weight of an anonymous blog post, and offering little more than *ipse dixit*, the Special Counsel's Office previously urged the Court to characterize President Trump's motion based on double jeopardy principles and the Impeachment Judgment Clause as "frivolous." *See, e.g.*, Doc. 139 at 63. The Court declined that invitation to error, and the appropriateness of that decision is illustrated by the fact that the Court

prosecution refers to the defendant not "be[ing] forced to go to trial," *id.* at 5, the criminal case cited by the prosecution—*Brizendine*—holds that claims of official immunity and double jeopardy protect the appealing defendant from the "burdens of litigation," not just the burdens of trial:

> [B]oth the Double Jeopardy Clause and the Speech or Debate Clause are designed to protect individuals from the *burdens of litigation* as well as the possibility of conviction. Both of these guarantees assure that an individual will not be forced, with certain exceptions, to endure the personal strain, public embarrassment, and expense of a criminal trial.

659 F.2d at 219 (emphasis added) (cleaned up).

These conclusions accord with longstanding case law from the D.C. Circuit and other Circuits holding that proceedings in a trial court should be stayed pending appeals of immunity and double jeopardy claims. In immunity cases, the D.C. Circuit has held that, "[b]ecause an appeal properly pursued from the district court's order" denying a claim of immunity "divests the district court of control over those aspects of the case on appeal, exclusive jurisdiction to resolve the threshold issue this case presents vests in this court, and the district court may not proceed to trial until the appeal is resolved." *Princz v. Fed. Republic of Germany*, 998 F.2d 1, 1 (D.C. Cir. 1993) (citing *Griggs*, 459 U.S. at 58; and *Apostol*, 870 F.2d 1335); *see also* Doc. 49, *United States v. Turkiye Halk Bankasi, A.S.*, No. 20-3499 (2d Cir. Dec. 23, 2020) (stay order pending appeal on

---

devoted approximately 10 pages of analysis to the motion. In the absence of controlling authority foreclosing President Trump's position—and there is none—the motion could not be deemd frivolous. Regardless, the time to make such a determination has passed. *See United States v. Leppo*, 634 F.2d 101, 105 (3d Cir. 1980) ("Of course, in the absence of a finding that the motion is frivolous, the trial court *must* suspend its proceedings once a notice of appeal is filed." (emphasis added)); *United States v. Dunbar*, 611 F.2d 985, 988 (5th Cir. 1980) ("[T]he district courts, in *any denial* of a double jeopardy motion, should make written findings determining whether the motion is frivolous or nonfrivolous." (emphasis added)). President Trump's notice of appeal has divested the Court of jurisdiction by operation of law, and the Office may not now renew its already rejected request for a finding of frivolousness.

7

Foreign Sovereign Immunities Act issue decided in *Turkiye Halk Bankasi, A.S. v. United States*, 598 U.S. 264 (2023)).

"[W]hen a public official takes an interlocutory appeal to assert a colorable claim to absolute or qualified immunity from damages, the district court must stay proceedings." *Goshtasby v. Bd. of Trustees of Univ. of Illinois*, 123 F.3d 427, 428 (7th Cir. 1997). "[I]f the defendant is correct that it has immunity, its right to be free of litigation is compromised, and lost to a degree, if the district court proceeds while the appeal is pending." *Id.* (staying proceedings against the University of Illinois pending resolution of a claim of sovereign immunity on appeal); *Hegarty v. Somerset County*, 25 F.3d 17, 17 (1st Cir. 1994) (granting police officers' emergency motion to stay discovery during qualified immunity appeal). "[T]he stay of discovery, of necessity, ordinarily must carry over through the *appellate court's* resolution of that question . . . ." *Hegarty*, 25 F.3d at 17 (emphasis in original).

In short, "the background *Griggs* principle already requires an automatic stay of district court proceedings that relate to any aspect of the case involved in the appeal." *Coinbase*, 599 U.S. at 744. "[I]f a defendant's interlocutory claim is considered immediately appealable . . . the district court loses its power to proceed from the time the defendant files its notice of appeal until the appeal is resolved." *LaMere*, 951 F.2d at 1108. Because President Trump's appeal considers whether the criminal case against him may proceed at all, the proceedings in this case are automatically stayed pending the outcome of that appeal.

**II.     The Stay Is Warranted Irrespective of the Mandatory Jurisdictional Bar.**

In addition to the jurisdiction issue under *Griggs* and the mandate rule, the Court should stay all proceedings pending appeal given the well-established "importance of resolving immunity questions at the earliest possible stage in litigation." *Pearson*, 555 U.S. at 232; *see also*

*Blassingame*, 2023 WL 8291481, at *22.  Though the *Griggs* principle reinforced in *Coinbase* is mandatory and jurisdictional, it is also supported by strong policy considerations that would independently warrant a stay pending appeal even if the question were discretionary.  As the Supreme Court reasoned in *Coinbase*:

> From the Judiciary's institutional perspective, moreover, allowing a case to proceed simultaneously in the district court and the court of appeals creates the possibility that the district court will waste scarce judicial resources—which could be devoted to other pressing criminal or civil matters—on a dispute that will ultimately head to arbitration in any event.  That scenario represents the worst possible outcome for parties and the courts: litigating a dispute in the district court only for the court of appeals to reverse and order the dispute arbitrated.  The *Griggs* rule avoids that detrimental result.

*Coinbase*, 599 U.S. at 743 (citation and quotation marks omitted).  The same logic applies to a disputed claim of immunity—"allowing a case to proceed simultaneously in the district court and the court of appeals creates the possibility that the court will waste scarce judicial resources . . . on a dispute that" may "ultimately" be decided on grounds of Presidential immunity, with such a dual-track process being "the worst possible outcome for parties and the courts."  *Id.*

Concerns regarding judicial resources and costs from continued litigation during the pendency of the appeal—including financial, reputational, and political costs to President Trump and this country—are significant.  As the Court noted last week, the Court has not yet resolved pending motions to dismiss the indictment on statutory grounds and for selective and vindictive prosecution.  Doc. 171 at 1 n.1.  President Trump has also filed motions to compel discovery, including classified discovery that the prosecution may argue implicates national security issues, which the Court should not address unless it is necessary following the appeal.  Docs. 167, 169.  President Trump's CIPA § 5 Notice presents similar complex issues relating to classified information, including the possibility of fact-intensive CIPA § 6 proceedings should the prosecution request them.  *See* Doc. 168.  The Court has also directed President Trump to make

9

intrusive disclosures regarding his defense, including defense exhibits and expert disclosures, *see* Doc. 39, and whether he intends to pursue an advice-of-counsel defense (including production of otherwise-privileged disclosures), *see* Doc. 147 at 2.

The "common practice" of staying proceedings while such issues are on appeal "reflects common sense . . . . If the district court could move forward with *pre-trial and trial proceedings* while the appeal on [immunity] was ongoing, then many of the asserted benefits of [immunity] . . . would be irretrievably lost . . . ." *Id.* at 742-43 (emphasis added). "[C]ontinuation of proceedings in the district court 'largely defeats the point of the appeal.'" *Id.* at 743 (quoting *Bradford-Scott*, 128 F.3d at 505). "A right to interlocutory appeal of the [immunity or double jeopardy] issue without an automatic stay of the district court proceedings is therefore like a lock without a key, a bat without a ball, a computer without a keyboard—in other words, not especially sensible." *Id.* For these reasons, and those cited above, a stay of all proceedings in this Court is warranted pending the final resolution of President Trump's appeal.

## CONCLUSION

The Court should stay all further proceedings in this case pending the final resolution of President Trump's appeal of the Court's Dec. 1, 2023, Order and Memorandum Opinion, Docs. 171, 172, and hold in abeyance all current deadlines until this motion is resolved.

Finally, because the continuation of these proceedings in the absence of jurisdiction inflicts ongoing irreparable harm, President Trump respectfully requests that this Court rule on this motion within seven days. If the Court does not grant this motion and stay proceedings, President Trump respectfully requests that this Court enter a temporary administrative stay of proceedings while he pursues relief from the Court of Appeals.

## CERTIFICATE OF CONFERRAL

Counsel for President Trump conferred with counsel for the prosecution, who oppose the relief requested herein.

Dated: December 7, 2023

Respectfully submitted,

*/s/ Todd Blanche*

| | |
|---|---|
| John F. Lauro, Esq. | Todd Blanche, Esq. (PHV) |
| D.C. Bar No. 392830 | ToddBlanche@blanchelaw.com |
| jlauro@laurosinger.com | Emil Bove, Esq. (PHV) |
| Gregory M. Singer, Esq. (PHV) | Emil.Bove@blanchelaw.com |
| gsinger@laurosinger.com | BLANCHE LAW PLLC |
| LAURO & SINGER | 99 Wall St., Suite 4460 |
| 400 N. Tampa St., 15th Floor | New York, NY 10005 |
| Tampa, FL 33602 | (212) 716-1250 |
| (813) 222-8990 | |

*Counsel for President Donald J. Trump*