UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **DONALD J. TRUMP**, <br><br> Defendant. | Criminal Action No. 23-257 (TSC) |

### OPINION AND ORDER

Defendant Donald J. Trump has filed a Motion for Order to Show Cause Why Prosecutors Should Not Be Held in Contempt, ECF No. 192 ("Motion"). He contends that the Government has violated a court order by continuing to produce discovery and by filing a motion *in limine* while the deadlines in this case are stayed. The Motion states:

> To remedy this outrageous conduct, the Court should issue an order to show cause why the prosecutors should not be: (1) held in contempt; (2) required to immediately withdraw their [motion *in limine*] and improper productions; (3) forbidden from submitting any further filing or production absent the Court's express permission while the Stay Order is in effect; and (4) assessed monetary sanctions in the amount of President Trump's reasonable attorneys' fees and expenses incurred in responding to the prosecutors' improper productions and filings, including in litigating this Motion.

Motion at 2. For the reasons set forth below, the court will GRANT in part and DENY in part the Motion.

### I.   BACKGROUND

Defendant has appealed the court's decision denying his motions to dismiss based on Presidential immunity and constitutional grounds. Notice of Appeal, ECF No. 177. On December 13, 2023, the court granted in part and denied in part Defendant's motion to stay these proceedings pending that appeal. Opinion and Order, ECF No. 186 ("Stay Order"). In the Stay

Order, the court "agree[d] with both parties that Defendant's appeal automatically stays any further proceedings that would move this case towards trial or impose additional burdens of litigation on Defendant." *Id.* at 2.  Accordingly, the court stayed "the deadlines and proceedings scheduled by its Pretrial Order, as amended." *Id.* (citing ECF No. 39).  The court emphasized, however, (1) that the Stay Order "held in abeyance" rather than "permanently vacated" those deadlines and proceedings, and (2) that it did not understand the appeal and corresponding stay "to divest it of jurisdiction to enforce the measures it has already imposed to safeguard the integrity of these proceedings" because "[u]nlike, for example, requiring additional discovery or briefing, maintaining those measures does not advance the case towards trial or impose burdens of litigation on Defendant beyond those he already carries." *Id.* at 2–3.

On December 17 and 18, respectively, the Government produced additional discovery and a draft exhibit list to Defendant.  Resp. to Notice of Service, ECF No. 189.  The defense objected to the Government by letter. *Id.*, Ex. A.  Then, on December 27, the Government filed a Motion *in Limine* seeking to exclude certain evidence and arguments from any eventual trial in this case.  ECF No. 191.  Other than noting his objections and filing this Motion, Defendant has not responded to the Government's actions.  The court has likewise not taken any action or imposed any new requirements on the parties.  Notwithstanding the deadlines and proceedings stayed in this case, "there is no dispute that the Court retains jurisdiction over the Stay Order itself, and thus any contempt proceedings flowing from" it.  Motion at 8.

## II.   LEGAL STANDARD

Civil contempt is "used to obtain compliance with a court order or to compensate for damage sustained as a result of noncompliance." *NLRB v. Blevins Popcorn Co.*, 659 F.2d 1173, 1184 (D.C. Cir. 1981).  "A party moving for civil contempt must show, by clear and convincing evidence, that '(1) there was a clear and unambiguous court order in place; (2) that order

Page **2** of **6**

required certain conduct by [respondents]; and (3) [respondents] failed to comply with that order.'" *Commodity Futures Trading Comm'n v. Trade Exch. Network Ltd.*, 117 F. Supp. 3d 22, 26 (D.D.C. 2015) (quoting *United States v. Latney's Funeral Home, Inc.*, 41 F. Supp. 3d 24, 29–30 (D.D.C. 2014)). "A clear and unambiguous order does not leave any reasonable doubt 'as to what behavior was expected and who was expected to behave in the indicated fashion.'" *Id.* (quoting *Project B.A.S.I.C. v. Kemp,* 947 F.2d 11, 17 (1st Cir. 1991)).

### III.   DISCUSSION

The Stay Order did not clearly and unambiguously prohibit the Government actions to which Defendant objects. Start with its operative sentence, which stayed "the deadlines and proceedings scheduled by its Pretrial Order, as amended." Stay Order at 2. The Pretrial Order set specific dates for certain proceedings (such as the trial, set for March 4, 2024) and imposed deadlines for other filings (such as motions *in limine*, due December 27, 2023). ECF No. 39. Before the Stay Order, the parties were required to attend those proceedings and submit filings on the designated dates. By holding those dates in abeyance, the Stay Order lifted those requirements—reflecting the court's conclusion that Defendant should not "stand trial or face the other burdens of litigation, such as discovery obligations" during the pendency of his appeal. Stay Order at 2 (cleaned up). But staying the deadline for a filing is not the same thing as affirmatively prohibiting it. The basic function of a deadline is not to authorize a filing, but to time-limit it; correspondingly, the lifting of a deadline removes that time limit but does not necessarily bar the filing. On its own terms, then, the Stay Order's key operative sentence did not clearly bar the Government from voluntary rather than obligatory compliance with the Pretrial Order's now-stayed deadlines.

The rest of the Stay Order did not unambiguously forbid the Government's actions, either. Defendant claims it contained an "explicit holding that 'additional discovery' and

'briefing' would violate" it. Motion at 11. That is incorrect. The Stay Order reasoned that "*requiring* additional discovery or briefing" would "advance the case towards trial or impose burdens of litigation on Defendant." Stay Order at 3 (emphasis added). But neither the court nor the Government has imposed any such requirement. And as Defendant acknowledges, he has, "consistent with his rights under the Stay Order, refused to accept or substantively respond" to the Government's actions. Motion at 12–13.

Moreover, the Government's productions and filings have been mostly compatible with the Stay Order's broader purpose, which was to relieve Defendant from the burdens of preparing for trial and other pretrial litigation. Stay Order at 2. The court cannot conclude that merely receiving discovery or an exhibit list constitutes a meaningful burden. That receipt requires no review or response. Defendant argues that he "must preserve his rights by clarifying that he will not accept" such materials, evidently by drafting a letter objecting to their delivery. Reply in Supp. of Motion at 2, ECF No. 194 ("Reply"); *see* ECF No. 189. But Defendant does not identify—and the court is not aware—of any rights that would not be preserved absent such an objection, given the stay in place. Because the Stay Order appears to have been interpreted differently by the parties, the court will clarify: If Defendant wishes to raise objections to the Government's productions, he may do so without any risk of forfeiture if and when the mandate is returned and the court sets a new schedule. Contrary to Defendant's assertion, the court has not and will not set deadlines in this case based on the assumption that he has undertaken preparations when not required to do so. *See* Tr. of Status Hr'g at 55, ECF No. 38 ("A trial start date of March 4, 2024, gives Mr. Trump seven months between indictment and trial, which I believe is sufficient time to advise with counsel and prepare his defense."). In the meantime, he is not required to carry any meaningful burdens with respect to those productions.

The same is largely—but not completely—true of the Government's Motion *in Limine*. Defendant concedes that he is not required to respond to the motion during the pendency of the stay, and the court reaffirms that he forfeits no arguments or rights by choosing not to respond at this time. Motion at 2. Nonetheless, he argues that the Government's filing of a substantive motion imposes burdens on him by (1) requiring him to review it in full to determine whether it is "not involved in the appeal" and therefore does necessitate a timely response, and (2) subjecting him to negative media coverage. Reply at 2. The court agrees with the first contention, at least; diligent defense counsel will need to conduct a preliminary review of each substantive motion the Government files in order to know whether they need to take further action. While that is not a major burden, it is a cognizable one. Accordingly, the court will adopt Defendant's recommendation that the parties be forbidden from filing any further substantive pretrial motions without first seeking leave from the court. *See* Motion at 2. Any such motion for leave to file shall state whether the proposed motion is ancillary to the pending appeal and so requires a timely response or other action before the mandate is returned. This measure is an addition to the Stay Order, aimed to further advance its purposes, and does not reflect a determination that the Government has violated any of its clear and unambiguous terms or acted in bad faith.

## IV. CONCLUSION

For these reasons, Defendant's Motion for Order to Show Cause Why Prosecutors Should Not Be Held in Contempt, ECF No. 192, is hereby GRANTED in part and DENIED in part. Specifically, it is GRANTED in that until the mandate is returned in this case, the parties shall not file any substantive pretrial motions without first seeking leave of court, and any such request for leave shall state whether the proposed motion concerns matters involved in the appeal or is instead ancillary to it.  In all other respects, Defendant's Motion is DENIED.

Date: January 18, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge