IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. 23-cr-257 (TSC) |
| | * | |
| DONALD J. TRUMP, | * | |
| | * | |
| Defendant. | * | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO THE DEFENDANT'S SUPPLEMENT TO HIS MOTION TO DISMISS ON STATUTORY GROUNDS**

The defendant's new arguments in his supplemental brief (ECF No. 255) fail to bolster his case for dismissal. He principally argues that the Supreme Court's decision in *Fischer v. United States*, 144 S. Ct. 2176 (2024), undermines Counts Two and Three of the superseding indictment, which charge the defendant with conspiring, obstructing, and attempting to obstruct the congressional proceeding on January 6, 2021, in violation of 18 U.S.C. §§ 1512(c)(2) and (k). But *Fischer* did not invalidate Section 1512 or elevate basic pleading requirements, and the defendant fails to identify any pleading flaw in the superseding indictment warranting its dismissal. Moreover, the defendant's motion ignores entirely that the case against him includes allegations that he and his co-conspirators sought to create and use false evidence—fraudulent electoral certificates—as a means of obstructing the certification proceeding, which *Fischer* expressly held falls within Section 1512(c)(2). Finally, the defendant's half-hearted arguments against Counts One (conspiracy to defraud the United States, in violation of 18 U.S.C. § 371) and Four (conspiracy to violate civil rights, in violation of 18 U.S.C. § 241) likewise lack merit. The defendant's statutory motion to dismiss (ECF No. 114), as supplemented, should be denied.

**I.     Background**

Before the litigation of this case was suspended by the defendant's interlocutory appeal of this Court's original presidential immunity decision, the defendant moved to dismiss the

indictment on statutory grounds. ECF No. 114. During the period of the interlocutory appeal, while the defendant's statutory motion remained pending, the Supreme Court decided *Fischer v. United States*, 144 S. Ct. 2176 (2024), in which the defendant in that case was charged with violating Section 1512(c)(2) based on his participation in the attack on the U.S. Capitol on January 6, 2021. The Supreme Court held that Section 1512(c)(2) applies only when a defendant impairs (or attempts to impair) the integrity or availability for use in an official proceeding of records, documents, objects, or other things used in the proceeding. *Id.* at 2190. In language that applies directly to the allegations here, the Supreme Court explained that Section 1512(c)(2)'s criminal prohibition includes "creating false evidence." *Id.* at 2186. A federal grand jury subsequently returned a superseding indictment in this case that charged the defendant with the same offenses as the original indictment, *see* ECF No. 226, including allegations that the defendant's obstruction included the creation of false evidence, namely fraudulent electoral certificates. The defendant supplemented his statutory dismissal motion, raising new arguments under *Fischer*. ECF No. 255.

**II.   Argument**

    **A. The Superseding Indictment Sufficiently Alleges Conspiracy and Substantive Offenses Under 18 U.S.C. § 1512**

The *Fischer* decision clarified the scope of an obstruction offense under Section 1512(c)(2), but it did not strike down the statute or rewrite it. The superseding indictment recites the statutory language and provides ample notice to the defendant of the obstruction charges against him, which is all that is required to defeat a motion to dismiss. *See United States v. Williamson*, 903 F.3d 124, 130 (D.C. Cir. 2018) ("[P]arroting the language of a federal criminal statute is often sufficient.") (quoting *United States v. Resendiz-Ponce*, 549 U.S. 102, 109 (2007)). Any further assessment of the Government's proof and whether it satisfies *Fischer*'s strictures should be reserved for trial under appropriate jury instructions. *See United States v. Haldeman*,

559 F.2d 31, 124 (D.C. Cir. 1976) (per curiam) (indictment need not inform a defendant "as to every means by which the prosecution hopes to prove that the crime was committed"); *see also Fischer*, 144 S. Ct. at 2194 (Jackson, J., concurring) ("And it might well be that Fischer's conduct, as alleged here, involved the impairment (or the attempted impairment) of the availability or integrity of things used during the January 6 proceeding.").

Beyond that critical flaw, the defendant's supplement ignores entirely that the superseding indictment includes allegations that involve the creation of false evidence. As construed by *Fischer*, Section 1512(c)(1) covers impairment of records, documents, or objects by altering, destroying, mutilating, or concealing them, and Section 1512(c)(2) covers the impairment (or attempted impairment) of records, documents, and objects by other means—such as by "creating false evidence." 144 S. Ct. at 2185-86 (citing *United States v. Reich*, 479 F.3d 179 (2d Cir. 2007) (Sotomayor, J.)). In *Reich*, for example, the defendant was convicted under Section 1512(c)(2) after he forged a court order and sent it to an opposing party intending to cause (and in fact causing) that party to withdraw a mandamus petition then pending before an appellate court. 479 F.3d at 183, 185-87. Just as the defendant in *Reich* violated Section 1512(c)(2) by "inject[ing] a false order into ongoing litigation to which he was a party," *id.* at 186, the superseding indictment alleges that the defendant and his co-conspirators created fraudulent electoral certificates that they intended to introduce into the congressional proceeding on January 6 to certify the results of the 2020 presidential election. *See* ECF No. 226 at ¶¶ 50-66.

As set forth in the superseding indictment, the defendant and others began in early December 2020 to cause individuals to serve as the defendant's purported electors in several targeted states with the intent that those individuals "make and send to the Vice President and Congress false certifications that they were legitimate electors." ECF No. 226 at ¶ 50. Those

wide-ranging efforts encompassed seven states—Arizona, Georgia, Michigan, Nevada, New Mexico, Pennsylvania, and Wisconsin—and "evolved over time from a legal strategy to preserve" an alternate slate of electors in the event that the defendant's litigation challenges to election results succeeded into a "corrupt plan to subvert the federal government function by stopping Biden electors' votes from being counted and certified." *Id.* at ¶ 51. Ultimately, the defendant sought to "[c]ertify illegal votes," *id.* at ¶ 60, through "fraudulent elector certificates" that were "mailed to the President of the Senate, the Archivist of the United States, and others" in connection with the January 6 proceeding to certify the 2020 presidential election results, *id.* at ¶ 64. The superseding indictment also alleges that, as part of his efforts to enlist the Vice President in the defendant's scheme to introduce fraudulent certificates into the certification proceeding, *see id.* at ¶¶ 67-87, the defendant sought on January 4, 2021, to persuade the Vice President that the fraudulent certificates from those seven states empowered him "to either unilaterally reject the legitimate electors" from those states or to "send the question of which slate was legitimate" to those states' legislatures, *id.* at ¶¶ 75-77. As part of that plan, the superseding indictment alleges, an agent for the defendant attempted on the morning of January 6 to hand-deliver to the Vice President for use in the certification proceeding, through a United States Senator, fraudulent electoral certificates. *Id.* at ¶ 83.

Contrary to the defendant's claim (ECF No. 255 at 7) that he bears no factual or legal responsibility for the "events on January 6," the superseding indictment plainly alleges that the defendant willfully caused his supporters to obstruct and attempt to obstruct the proceeding by summoning them to Washington, D.C., and then directing them to march to the Capitol to pressure the Vice President and legislators to reject the legitimate certificates and instead rely on the fraudulent electoral certificates. *See, e.g.*, ECF No. 226 at ¶¶ 68, 79, 82, 86-87, 94. Under 18

U.S.C. § 2(b), a defendant is criminally liable when he "willfully causes an act to be done which if directly performed by him or another would be" a federal offense. *See, e.g.*, *United States v. Hsia*, 176 F.3d 517, 522 (D.C. Cir. 1999) (upholding a conviction for willfully causing a violation of 18 U.S.C. § 1001).

### B. The Defendant's Counterarguments on Counts Two and Three Fail

None of the defendant's counterarguments supports his dismissal motion. First, the defendant asserts (ECF No. 255 at 5-8) that the conduct underlying several allegations in the superseding indictment is shielded by immunity. *See, e.g.*, ECF No. 255 at 5 (suggesting improper reliance in the superseding indictment on conversations between the defendant and his advisers "that are subject to Presidential immunity"); *id.* at 6 (arguing that the defendant's interactions with state officials "are also subject to immunity"). Those immunity-based claims, while deeply flawed, are irrelevant to his statutory challenge to Section 1512(c)(2) and must await—as the defendant ultimately acknowledges—his "forthcoming . . . immunity submission." ECF No. 255 at 5. Second, focusing primarily on the Government's response in opposition under then-binding circuit precedent (ECF No. 139), the defendant contends (ECF No. 255 at 5-8) that some allegations in the superseding indictment, standing alone, can no longer serve as the basis for Section 1512(c)(2) liability under *Fischer*. That contention misunderstands the relevant inquiry, which is whether sufficient allegations provide a "statement of the essential facts constituting the offense charged" and adequately inform the defendant of the crime or crimes with which he is charged. *United States v. Ballestas*, 795 F.3d 138, 148-49 (D.C. Cir. 2015) (quoting Fed. R. Crim. P. 7(c)); *see United States v. Bingert*, 605 F. Supp. 3d 111, 118 (D.D.C. 2022) ("The relevant question in a Rule 12(b) motion is whether the allegations are 'sufficient to permit the jury to find

that the crimes charged were committed.'"). And for the reasons given in the preceding section, the superseding indictment easily clears that bar.

The defendant also mischaracterizes the potential bases for Section 1512(c)(2) liability charged in the superseding indictment—none of which the Court need address at the motion-to-dismiss stage. For example, the defendant posits (ECF No. 255 at 7-8) that the superseding indictment seeks to impose liability under Section 1512(c)(2) for his "generalized obstruction" of the certification "standing alone," *id.* at 8, which (he asserts) is foreclosed under *Fischer*. In fact, as detailed above, the superseding indictment alleges that the defendant conspired, obstructed, and attempted to obstruct the certification proceeding through his efforts to impair electoral certificates, such as through his efforts to create and introduce "false evidence," *Fischer*, 144 S. Ct. at 2186, namely, the fraudulent electoral certificates. The defendant also claims that absent an allegation that he engaged in incitement—"direct calls to imminent lawless action," ECF No. 255 at 7—which in the defendant's view the superseding indictment "does not come close to alleging," he can bear no legal "responsibility for events on January 6." *Id.* That is incorrect. As described above, the superseding indictment alleges that the defendant willfully caused others to violate Section 1512(c)(2) when he "repeated false claims of election fraud, gave false hope that the Vice President might change the election outcome, and directed the crowd in front of him to go to the Capitol as a means to obstruct the certification," ECF No. 226 at ¶ 86, by pressuring the Vice President and legislators to accept the fraudulent certificates for certain states in lieu of those states' legitimate certificates. Those allegations link the defendant's actions on January 6 directly to his efforts to corruptly obstruct the certification proceeding and establish the elements of a violation of Section 1512(c)(2), which suffices to resolve the defendant's motion to dismiss on statutory grounds. Finally, the defendant's assertion (ECF No. 255 at 8-9) that *Fischer* would not

permit a "certificate movement" theory that relies on the "incidental movement of documents from one room to another" "by functionaries" ignores that, under *Fischer*, conduct that attempts and intends to impair the availability of "records, documents, or objects used in an official proceeding," *Fischer*, 144 S. Ct. at 2186, would violate Section 1512(c)(2).

The defendant's argument (ECF No. 255 at 9-12) that his efforts to create and implement the fraudulent-elector scheme does not allege a substantive or conspiracy violation of Section 1512(c)(2) is flawed in several respects. Most basically, the defendant's argument rests entirely on his construction of an "alternative narrative," ECF No. 198 at 2, in which his conduct amounted to nothing more than "advocacy" in "entirely lawful debates regarding certificate objections by Members of Congress on January 6," ECF No. 255 at 10-11. But that "alternative narrative," including the defendant's proffer of extra-record statements by legislators (*see id.* at 11-12), merits no consideration at this stage, where the Court's analysis is limited to reviewing the face of the superseding indictment. *See Bingert*, 605 F. Supp. 3d at 117-18; *United States v. Pope*, 613 F.3d 1255, 1269 (10th Cir. 2010) (Gorsuch, J.) ("If contested facts surrounding the commission of the offense would be of *any* assistance in determining the validity of the motion, Rule 12 doesn't authorize its disposition before trial."). In any event, facts developed at trial will conclusively demonstrate that the defendant's alternative narrative is inaccurate. *See* ECF No. 252 at 47-59 (describing the defendant's efforts to organize and cause his electors to submit fraudulent certificates to create the false appearance that certain states had submitted competing electoral slates); *id.* at 72-85 (describing how the defendant willfully caused unlawful conduct on January 6 in order to pressure the Vice President and legislators to reject legitimate certificates from certain states and instead accept and rely on fraudulent certificates, thereby obstructing the certification proceeding). Finally, the defendant's contention (ECF No. 255 at 10) that his actions were

"consistent with the [Electoral Count Act] process rather than an obstruction to it" fundamentally misunderstands both the process by which electoral votes are counted and certified under the Constitution and the ECA and the fact that the incumbent President plays no role in that process, *see* ECF No. 252 at 90-98.[*]

### C. *Fischer* Does Not Support Dismissal of Counts One and Four

The Court should also deny the defendant's motion to dismiss to the extent it seeks dismissal of Counts One and Four. Largely repeating faulty arguments from his previously filed motion to dismiss (*see* ECF No. 114), the defendant briefly suggests that *Fischer*'s "logic fatally undermines" Counts One and Four. ECF No. 255 at 2; *see id.* at 12-13. But the defendant nowhere explains how *Fischer*'s interpretation of Section 1512(c)(2) bears any relevance to the statutes charged in Counts One and Four, let alone why *Fischer*'s holding or rationale counsels in favor of dismissing those counts. Other than improperly seeking to mischaracterize his conduct in terms other than the superseding indictment's allegations, *see, e.g.*, ECF No. 255 at 12 (suggesting that the conduct underlying Count Four amounted to "public advocacy" that was "consistent with historical practice and the then-existing version of the ECA"), the defendant makes the blanket assertion that permitting Counts One and Four to survive would result in "the sort of overbroad, atextual interpretation that the Supreme Court rejected in *Fischer*," *id.* at 13. But as explained in the Government's prior opposition, "more than a century" of decisions from the Supreme Court support the conspiracy to defraud charged in Count One, ECF No. 139 at 19, and a similarly long pedigree of decisional law underlies the conspiracy against rights charged in Count Four, *id.* at 37-

---

[*] The defendant's attempt (ECF No. 255 at 10) to distinguish *Reich*, *supra*, on the ground that he assertedly acted "consistent[ly] with" the law in undertaking his obstructive conduct, whereas the defendant in *Reich* did not, is both procedurally improper—because the only relevant facts on a motion to dismiss come from the superseding indictment—and inaccurate in light of the facts that will be adduced at trial.

40 (addressing statutory challenges to Section 241); *id.* at 50-62 (explaining why the defendant's fair notice and historical challenges to Section 241 lack merit). Nothing in *Fischer* undermines that analysis.

Finally, the defendant's underdeveloped suggestion (ECF No. 255 at 12) that Counts One and Four should be dismissed because the superseding indictment does not allege that he acted "corruptly" for purposes of Section 1512(c)(2) and therefore fails to adequately allege the required mental states for violating Sections 371 or 241 is meritless for reasons given in the Government's prior opposition. *See* ECF No. 139 at 36-37 (explaining how the original indictment sufficiently alleged that the defendant acted corruptly for purposes of Section 1512(c)(2)); *id.* at 19-32 (explaining why the indictment alleges a violation of Section 371); *id.* at 37-40 (explaining why the indictment alleges a violation of Section 241). Those arguments apply equally here.

### III. Conclusion

For the reasons given above and in the Government's prior omnibus opposition to the defendant's motion to dismiss on statutory and constitutional grounds (ECF No. 139), the defendant's motion to dismiss on statutory grounds (ECF No. 114) should be denied.

Respectfully submitted,

JACK SMITH
Special Counsel

By:  /s/ James I. Pearce
James I. Pearce
Assistant Special Counsel
Molly Gaston
Thomas P. Windom
Senior Assistant Special Counsels
950 Pennsylvania Avenue NW
Room B-206
Washington, D.C. 20530